F. M. ATKINSON *et al.*

*v.*

FRANK FOSTER.

*Filed at Ottawa October 31, 1890.*

1. CONFESSION OF JUDGMENT — *irregularities — time to object.* If a defendant in a judgment entered by confession desires to take advantage of mere irregularities in the entry of the judgment, it must be by application to the court in which it was entered.

2. SAME—*plaintiff having no interest—judgment not void—but voidable.* A judgment by confession in the name of a mere naked assignee having no real interest, is not void, but may be avoided by creditor's bill in the plaintiff's name.

3. PARTIES — *creditor's bill — to set aside a judgment by confession.* Where a judgment by confession has been entered in the name of a mere assignee without actual interest, a creditor's bill may be prose-

cuted in the name of the nominal plaintiff in the judgment, where the defendant is deprived of no defense he might have had if the suit had been in the name of the beneficial plaintiff.

4. SAME—*want of parties—time to object.* If the latter is also a proper party, the objection that he is not made a party should be raised in the trial court, or it will be waived.

5. PLEDGE—*delivery to pledgee—as against creditor's bill.* A pledge of property can only be sustained against persons acquiring a lien by creditor's bill, when the thing pledged is actually delivered to the pledgee. In fact, a pledge, strictly speaking, can only be made by delivery.

6. A holder of certificates of stock in an incorporated company, for the purpose of securing a creditor, made an assignment thereof by a separate writing, but never indorsed, or transferred the certificates on the books of the company, or otherwise, but retained possession of them as before. While so holding the certificates they were seized by the receiver of such holder on a creditor's bill, without notice of the attempted assignment: *Held,* that the assignment passed no title as against the creditors.

7. CHANCERY—*sworn answers—two witnesses.* It is only when the defendant states facts within his knowledge, that his sworn answer must be overcome by evidence equivalent to two witnesses; and new matter set forth in the answer, not responsive to the allegations of the bill, is not evidence for the defendant.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. GWYNN GARNETT, Judge, presiding.

Messrs. G. W. & J. T. KRETZINGER, for the appellants:

Delivery, as well as indorsement, is necessary to transfer the legal title to a note. *Pardee* v. *Lindley,* 31 Ill. 185; *Richards* v. *Darst,* 51 id. 141.

In chancery, the bill must show the complainant's right to the thing demanded, or such interest in the subject matter of the suit as gives him a right to sue. 1 Daniell's Ch. Pl. and Pr. (4th ed.) 314, 316; Rev. Stat. chap. 22, sec. 49; *Hoare* v. *Harris,* 11 Ill. 25; *Beach* v. *Shaw,* 57 id. 27; *Smith* v. *Brittenham,* 109 id. 549; *Gorham* v. *Farson,* 119 id. 440.

The answer, and the amendment thereto, set up a good defense to the bill, and the averments not having been denied by competent testimony, stand admitted. *Higgins* v. *White,* 118 Ill. 621.

In the case at bar, the averment of payment of the note and judgment stands unchallenged and uncontradicted, and if the payment of the note, or judgment confessed thereon, constitutes a good defense to a creditor's bill filed upon such judgment, then the appellee's bill should be dismissed. *Neal* v. *Neal,* 9 Wall. 1; *Wilson* v. *Stolly,* 4 McLean, 277; *Harrison* v. *Nixon,* 9 Pet. 505; *Duponti* v. *Mussy,* 4 Wash. C. C. 128.

The receiver took subject to the liens, rights and equities of others against the property. He could take no title superior to that of the party whose estate he represents. High on Receivers, secs. 5, 359; *Ellis* v. *Railroad Co.* 107 Mass. 1; *Beverly* v. *Brooke,* 4 Gratt. 187; *Bostwick* v. *Menck,* 40 N. Y. 385.

Messrs. TRUMBULL, WILLITTS, ROBINS & TRUMBULL, and Mr. EDWARD L. UPTON, for the appellee:

If the judgment was wrongfully in the name of Foster, the remedy was by application to the court to set the same aside. *Hone* v. *Woolsey,* 2 Edw. Ch. 289; *Newman* v. *Willitts,* 60 Ill. 520.

Foster, the assignee, was both a proper and necessary party to the bill. *Scanlan* v. *Cobb,* 85 Ill. 300; *McGraw* v. *Bayard,* 96 id. 153; *Schenck* v. *Ellingswood,* 3 Edw. Ch. 175; *Sapp* v. *Phelps,* 92 Ill. 595; 1 Daniell's Ch. 200.

As to how advantage may be taken of the want of necessary parties, and waiver of the same, see *Johnson* v. *Thompson,* 28 Ill. 357; *Prentice* v. *Kimball,* 19 id. 322; *Lynch* v. *Rotan,* 39 id. 20; *Robinson* v. *Smith,* 3 Paige, 222.

The statute authorized the filing of the bill in Foster's name. *Wakeman* v. *Russell,* 1 Edw. Ch. 510.

When the answer sets up new affirmative matter in avoidance, it does not require two witnesses to overcome the same. The burden as to such matters is on the defendant.  *Pankey* v. *Raum,* 51 Ill. 88 ; *Tarleton* v. *Vietes,* 1 Gilm. 470 ; *White* v. *Morrison,* 11 Ill. 366.

By the creditor's bill, and its service, a lien was created on the effects of the judgment debtor. It has been called an equitable levy.  *Miller* v. *Sherry,* 2 Wall. 249 ; *First Nat. Bank* v. *Gage,* 93 Ill. 172 ; *Davenport* v. *Kelley,* 42 N. Y. 193 ; *Corning* v. *White,* 2 Paige, 568. .

A pledge without delivery is invalid.  Story on Bailments, (8th ed.) sec. 297 ; *Silverman* v. *McGrath,* 10 Bradw. 416 ; *People's Bank* v. *Gridley,* 91 Ill. 466 ; Cook on Stock and Stock Brokers, secs. 463, 465 ; Morawetz on Corp. sec. 193.

Mr. JUSTICE WILKIN delivered the opinion of the Court :

Appellee filed, in the Superior Court of Cook county, a creditor's bill against appellants, Atkinson and Smith, and others. The bill alleged the recovery of a judgment by appellee, against Atkinson, in the said Superior Court, January 19, 1887, for $7061.11, the issuing of execution thereon, the return thereof "no property found," and that said judgment remained wholly unsatisfied. Then follow the charges usually contained in a creditor's bill, and a prayer for discovery, etc. It also prayed for the appointment of a receiver, and for an injunction.

Atkinson answered under oath, averring that the judgment described in the bill was obtained by confession upon a note executed by him to one Charles H. Ferry, who was the holder and owner thereof at the time said judgment was taken, and that complainant, Foster, had not then, or at any time, any ownership or interest therein ; that two hundred shares of the capital stock of the Chicago Tire and Spring Works were deposited with Ferry as collateral security for said note, and are still held by him ; "that said note has been in the hands of

said Ferry up to within a short time, and, as defendant is advised, was paid before said judgment was confessed;" that Ferry indorsed said note to Foster about the time of entering said judgment, but retained the same in his possession, as well as the stock deposited therewith; denies "that he is indebted in any amount whatever upon said note, because he says that it had, prior to said confession of judgment, been paid by the Chicago Tire and Spring Works, by said Ferry taking from the funds of said company the money for that purpose, *as will be clearly shown upon an accounting between Ferry and said Chicago Tire and Spring Works.*" Answers were also filed by appellant Smith, and a part of the other defendants. To these answers, as well as that of Atkinson, replications were filed. Atkinson also filed a cross-bill, to which answers were duly filed, and replications thereto.

The finding and decree in the Superior Court were for appellee on the original bill, and the cross-bill of Atkinson was dismissed at his costs, for want of equity. On appeal to the Appellate Court for the First District, appellee entered his motion to strike from the record the certificate of evidence, on the ground that it was not signed by the proper judge. The motion was overruled, and the decree of the Superior Court affirmed. That decision is assigned for error here by the appellants, and appellee again enters his motion to strike out the certificate of evidence.

Our conclusion being that the decree of the Superior Court must be affirmed on the merits of the case, the arguments in support of and against the motion to strike the certificate of evidence from the record need not be considered at length. The motion will be overruled, and for the purposes of this decision the evidence shown by that certificate will be treated as the evidence in the case.

The note on which the judgment described in the bill was confessed, in fact belonged to the payee, Charles Ferry, and was assigned by him to complainant, Foster, for the purpose

of having the judgment confessed in his name, for Ferry's benefit. The assignment was indorsed on the back of the note, and it was delivered to Foster, the assignee, and he took it to the attorney who caused the judgment to be entered.

The decree ordered the receiver to sell, among other things, one thousand shares of stock of the Munton Car Wheel Company, to which appellant Smith claims, by his answer, a prior right. November 11, 1886, Atkinson was indebted to Smith in the sum of $6000, and agreed to transfer to him, as security, these shares of stock. A separate written assignment of the stock was made and given to Smith, but he never saw the certificates. No assignment was indorsed upon them, nor were they transferred on the company's books. They remained in the possession of Atkinson, and stood in his name when this bill was filed and the receiver appointed. Atkinson delivered these certificates to the receiver, who surrendered them to the company, and obtained new certificates therefor issued to himself. It affirmatively appears from the evidence, that neither Foster nor Ferry had any notice of the claim of Smith to these shares of stock prior to the filing of the bill and the appointment of a receiver.

Under this state of facts appellants make three points of objection to the decree below, viz: First, Foster having no right to any part of the proceeds of said note, or the judgment entered thereon, can not maintain this bill in his own name; second, that the sworn answer of Atkinson presented a good defense to the bill, and it was not overcome by the evidence; third, appellant Smith established a valid prior lien to the Munton shares of stock.

By the assignment and delivery of the note in question to Foster, by Ferry, the payee, the legal title thereto became vested in Foster, and so the legal title to the judgment entered thereon was also in him. The judgment was not void merely because the owner of the note, with or without reason, chose to transfer the legal title thereto to the plaintiff in such judg-

ment. If the payor, Atkinson, desired to take advantage of mere irregularities in the entry of that judgment in the name of Foster, his remedy was by application to the court in which it was entered, to set it aside. (*Newman et al.* v. *Willitts,* 60 Ill. 519.) He might, of course, in this proceeding, call in question the validity of the judgment for want of jurisdiction, or on the ground that it was obtained by fraud, as though Ferry had himself been plaintiff in the proceeding at law and was complainant here. There is no complaint that any such defense was denied him by the Superior Court, or that he has been placed in any worse position by the assignment of the note than he would have been had Ferry retained the legal title thereto, and had brought both the action at law and this suit in his own name.

Section 49, chapter 22, of the Revised Statutes, authorized the filing of this bill by Foster, he being the party in whose name the execution was sued out. If, on the facts disclosed by the answer and proofs, Ferry also became a proper party, appellants should have raised that question below, and failing to do so, can not avail of it now. (*Robinson v. Smith,* 3 Paige Ch. 222.) In fact, by his cross-bill Atkinson did make him a party, and, so far as is shown, he was allowed to interpose all the defenses to the original bill which would have been available to him had he (Ferry) been sole complainant therein. The first point is not well taken.

The theory upon which the second ground of reversal is urged is, that the allegation of the bill that there remains due to complainant on said judgment $7061.11 is denied by the answer of Atkinson under oath, and that such denial was not overcome by the evidence of two witnesses or its equivalent. The position can not be sustained, for the reason that the denial in the answer relied upon is not a direct and positive denial of the allegations of the bill. In one part of the answer it is said, said note has been in the hands of Ferry up to within a short time, "and, as defendant is advised, was paid

before said judgment was confessed." In another, that on an accounting between defendants Ferry and Foster, "it will appear that there is nothing due from defendant on said note or judgment." Again, "he denies that he is indebted in any amount upon said note, *because he says* that long prior to the confession of judgment * * * said note, principal and interest, had been fully paid by the Chicago Tire and Spring Works to said Ferry, by the said Ferry taking from the funds of said company the money for that purpose, *as will be shown upon an accounting between said Ferry and the said Chicago Tire and Spring Works*." No argument is needed to show that these allegations can not be treated as evidence of the payment or satisfaction of said note or judgment. The first only purports to be a statement on information, and the others show merely that the defendant has the means of proving facts which he concludes would establish payment, satisfaction, or show that equitably there was nothing due from him to Ferry or Foster. Suppose Atkinson had been sworn as a witness, on the hearing, and made these statements as they appear in his answer, would they have been competent evidence? It is only when the defendant states facts within his knowledge, that his answer must be overcome by evidence equivalent to the testimony of two witnesses. *Fayrear* v. *Lawrence,* 5 Gilm. 329; *Hitt et al.* v. *Ormsbee et al.* 14 Ill. 235.

That a sworn answer, in so far as it sets up new matter by way of defense, is not evidence, is too well established to require the citation of authorities. Counsel say, if the averments of the answer do not state a defense, it was incumbent upon appellee to except to it. The question here is not whether the answer presents a defense to the bill, but, is it so far responsive to the bill, in the statement of facts, as to entitle the defendant to the benefit of it, as evidence. Clearly it is not.

On the last point there is no controversy as to the facts, and it raises the naked legal question, did the paper assignment of the shares of stock by Atkinson to Smith,—the former

retaining the exclusive control and possession of them, and there being notice to complainant or Ferry, actual or constructive, of such assignment,—vest in Smith a lien or ownership which he can assert against the receiver, who took them from Atkinson by virtue of this creditor's bill. This is not a question as to when the lien under the creditor's bill attached, but, rather, did Smith, as against creditors without notice, obtain any title or lien whatever. Here the property was actually seized by the receiver in the hands of Atkinson, to whom and in whose name it had issued and stood on the company's books. Smith had only a secret lien on it. As to the world, Atkinson had all the *indicia* of ownership, Smith none. Had Smith taken possession of the certificates at any time, a question as to when a lien under the creditor's bill attached might have arisen, as in *First Nat. Bank* v. *Gage et. al.* 93 Ill. 172. But here the point is, to whom did the property, in law, belong, as between Smith and third parties. That a sale of personal property without delivery is invalid as to subsequent purchasers and creditors, will not be denied. That a pledge of property can only be sustained against such parties when the thing pledged is actually delivered to the pledgee, must be admitted. In fact, a pledge, strictly speaking, can only be made by delivery. The fact that the property is seized through the intervention of a receiver can make no difference as to the rights of the creditor.

We find in this record no reason for interfering with the judgment of the Appellate Court.

*Judgment affirmed.*