AMOS W. WALKER, Admr., *et al.* Appellees, *vs.* MICHAEL MONTGOMERY *et al.*—(T. F. DOVE, Appellant.)

*Opinion filed October 26, 1908.*

1. EXECUTORS AND ADMINISTRATORS—*right of administrator to maintain creditor's bill.* Where a judgment is rendered in favor of the plaintiff as administrator and an execution is sued out in his name in that capacity the judgment settles the question of the capacity in which the recovery was had, and he may maintain a creditor's bill to collect the judgment regardless of the question as to whom he shall account.

2. APPEALS AND ERRORS—*decree may have the effect of several separate decrees.* Where the interests of the defendants in a creditor's bill proceeding are entirely separate, so that a decision as to one transaction has no effect or bearing on another, the decree may have the effect of several separate decrees and an appeal be taken by one defendant without affecting the record as to others.

3. SAME—*cross-error cannot be assigned on parts of decree not before the court.* Where a creditor's bill against various persons whose interests are distinct is dismissed, an appeal to the Appellate Court by the complainant brings the whole case to that court; but if that court finds in favor of all the defendants except one, an appeal to the Supreme Court by the latter brings up nothing but the decision of the Appellate Court against him, and the complainant cannot assign cross-errors upon the judgment of the Appellate Court as to the other defendants.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Shelby county; the Hon. SAMUEL L. DWIGHT, Judge, presiding.

GEORGE B. RHOADS, for appellant.

E. J. MILLER, for appellee Amos W. Walker; W. C. KELLEY, for appellee Samuel F. Wilson.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On December 18, 1902, the appellee, Amos W. Walker, as administrator of the estate of Joseph Walker, deceased, recovered two judgments in the circuit court of Shelby

county, one against Michael Montgomery for $982.35 and
costs, and the other against said Montgomery and G. A.
Edwards for $1822.53 and costs.   The judgments were
based upon notes made in the spring of 1896, and suits
against Montgomery upon them were pending in some form
in said circuit court from 1899 until the judgments were
rendered.   The executions having been issued on the judg-
ments and returned no property found, the appellee filed
his creditor's bill in this case against the appellant, T. F.
Dove, and many other persons, praying the court to set
aside various sales and conveyances made by the judgment
debtor, Michael Montgomery, on the ground that they were
fraudulent and intended to prevent appellee from collecting
said judgments.   The defendant Michael Montgomery was
defaulted, and other defendants, among whom was Dove,
filed answers.   The defendant Dove by his answer admitted
that he purchased a farm of one hundred and sixty acres
near Windsor, in Shelby county, from Montgomery, on
November 17, 1900, and afterwards sold and conveyed the
same to Samuel M. Buoy, but he denied all charges of
fraud contained in the bill.   The issues made by the bill and
answers respecting the various sales and conveyances were
referred to a special master, who took the evidence and
returned the same with his conclusions and a recommen-
dation that the bill be dismissed for want of equity.   The
circuit court heard the cause on exceptions to the report
and overruled them, and entered a decree dismissing the
bill for want of equity, at the complainant's costs.   From
that decree an appeal was taken to the Appellate Court
for the Third District, and that court affirmed the decree,
except as to Dove.   The decree was reversed as to him,
with directions to the circuit court to enter a decree requir-
ing him to account for the sum remaining after deducting
from the amount received by him upon the sale to Buoy,
the $2000 which he paid Montgomery, the amount due on
a mortgage for $4500 at the time he received the deed, and

the taxes unpaid on the land when such deed was made, so far as the same should be required to pay said judgments and costs. Dove appealed from the judgment of the Appellate Court.

The evidence established the following facts: The suits on the notes were pending in the circuit court of Shelby county for several terms before the conveyance of the farm, and the defendant Dove was an attorney in active practice in that court. There were regular printed bar dockets issued by the clerk and distributed to the attorneys, containing the numbers and titles of all cases pending in the court, including the suits in question, and Dove must have known of the pending litigation. Michael Montgomery, the debtor, was anxious and determined to defeat the collection of the notes, and for that purpose set about getting rid of all his property, real and personal, in November, 1900. He owned a drug store and other personal property, a home and other town property in the town of Windsor, and the farm of one hundred and sixty acres. He disposed of all this property at about the same time at any prices that he could get and for the fraudulent purpose of preventing the collection of the complainant's demands. All of this was done within a few days, and deeds or bills of sale were recorded at the same time, on November 23, 1900, two of which ran to the defendant Dove. One of the conveyances was a deed made by Montgomery to Dove for the farm, and the consideration paid was $2000 cash, subject to a mortgage of $4500 and the taxes of 1900, which were not due. The farm was worth $9600, and Dove sold it within ninety days to Samuel M. Buoy for $9000. The $2000 was not paid to Montgomery, but was paid on his order to a man named Voris for no apparent reason, and Voris delivered it to the purchaser of the drug store, which sale was also attacked by the bill. Voris testified that there was a tenant on the place and a crop of broom corn, and that the $2000 covered both the broom corn and the land. It is urged that

this testimony about the broom corn was hearsay, but there was nothing of that nature in the testimony that the $2000 which Voris received covered both the broom corn and the land, and the alleged hearsay was what the parties to the transaction said to Voris on the subject.

That the conveyance by Montgomery was fraudulent, so far as he was concerned, is 'beyond question, and the evidence was entirely sufficient to establish its fraudulent character as to Dove. Dove did not testify, and made no denial of his knowledge concerning the pending suits or any explanation of his participation in the fraud. The decree of the circuit court as to him was clearly against the evidence and the judgment of the Appellate Court is fully sustained by the record.

It is urged that there could be no decree in favor of the complainant, for the reason that he had been discharged by the county court as administrator of the estate. If the estate had not been settled an order discharging him would be a nullity, but whether he had been so discharged we will not inquire. The judgments were rendered in favor of the complainant as administrator and the executions were sued out in his name in that capacity. Dove was not deprived of any rights and the judgments settled the question in what capacity the recoveries were had. The complainant had a right to prosecute the creditor's bill, as he did, for the collection of the judgments, regardless of any question as to whom he should account. *Atkinson* v. *Foster*, 134 Ill. 472.

The appellee has assigned cross-errors questioning the correctness of the judgment of the Appellate Court as to sales and conveyances other than the sale to Dove. The bill was filed against numerous persons to whom sales and conveyances of property, real and personal, were made by Montgomery, but neither the transactions nor the persons to whom the sales and conveyances were made were connected in any manner. The decision as to one sale or

conveyance would have no influence or bearing upon the decision as to any other, and in such a case, where the interests of the parties are separate, a decree amounts, in effect, to separate and distinct decrees, so that an appeal may be taken from either part without affecting the record as to the other part. While a judgment at law is a unit, a decree in equity may have the effect of several separate decrees. If the circuit court had found and decreed against Dove and in favor of the other defendants, an appeal by him would not have brought before the Appellate Court any question as to the other parties. The circuit court dismissed the bill and the appeal from that decree brought the whole case to the Appellate Court, but the Appellate Court found only against Dove and in favor of the other defendants, and Dove appealed. His appeal brought nothing here except the decision of the Appellate Court against him, with which no other defendant was concerned, and while an appellee may assign cross-errors on matters brought before this court by an appellant, cross-errors cannot be assigned as to separate parts of a decree not brought before the court by appeal. (*Cheney* v. *Teese,* 113 Ill. 444; *Walker* v. *Pritchard,* 121 id. 221.) The cross-errors as to the other parties cannot be considered, and no cross-error is assigned as to the basis upon which relief was awarded against Dove. Of course, he has no ground of complaint that he was not required to account for the difference between the consideration paid and the actual value of the farm and broom corn, rather than for the difference between such consideration and the amount for which he sold the farm.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*