Thomas W. Prindeville et al., Appellees, v. Richard Curran et al., Appellants.

Gen. No. 15,001.

1. APPEALS AND ERRORS—*when freehold involved.* A freehold *held*, not involved in an action where the issues presented by the appeal were those of fraud practiced in obtaining the satisfaction of a judgment and the dismissal of a bill in the nature of a creditor's bill.

2. PRACTICE—*when section 45 of act does not apply.* A judgment of *respondeat ouster* should not be rendered pursuant to section 45 of the Practice Act where the court has jurisdiction of the person of the defendant.

3. PARTIES—*effect of lack of complainant upon power of court to enter decree.* There is no importance to be attached to the position of parties in an equity suit as complainants or defendants provided the proper pleadings are filed as a foundation for relief. The rights of the parties will be determined regardless of their positions as complainants or defendants.

4. MASTERS IN CHANCERY—*when reference improper.* It is not proper to refer a cause to a master to report to the court the proper decree to be entered; such a practice when followed, however, will not reverse, but the propriety thereof may well be raised upon motion to retax costs.

Bill in chancery. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed June 3, 1910.

EDWARD MAHER and ROBERT F. KOLB, for appellants.

MCARDLE & MCARDLE, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

The Decorators Supply Company filed the original bill in this record setting forth the recovery of a judgment for $469.07 and costs against Richard Curran, the issue of execution and levy thereof upon the real estate in question in this suit, and charging amongst other things that Curran, the judgment debtor, had caused the legal title to valuable real estate and interests in real estate to be vested in persons other than himself, and transacted his business, so far as the same related to real estate and interests in real estate, through the medium of said persons, making mortgages, loans and contracts in their names, and naming the defendants, Isabella Curran and Samuel R. Hurford, and others as the persons through whom Curran acted. The bill further shows that the real estate of the defendant Richard Curran, standing of record in the names of Isabella Curran and other persons, was that described in this record.

The bill avers that Curran is in fact the owner of the real estate, and that the same is held in trust for him. The bill was filed in behalf of the complainant and all other creditors of Curran who might become parties thereto and contribute to the expense thereof. It shows that Thomas R. Bishop at the same term of court at which the complainant sued out its writ of attachment, sued out an attachment writ against Curran and levied the same on the real estate described in the bill. The bill makes Richard Curran, Isabella Curran,

Thomas R. Bishop, Samuel R. Hurford and others parties defendant, and prays that by its decree the court may order and decree that the several parcels of real estate described in the bill, and every part and parcel thereof, be subject to the complainant's judgment, and for general relief. The Currans answered the bill.

The attachment suit of Bishop v. Curran, referred to in the bill, ripened in due course into judgment for $1,792.41, and Bishop answered the bill, setting forth the facts, his attachment and judgment, issue of execution and levy thereof on the real estate of the defendants Curran, and praying the benefit of the proceeding for the collection of his judgment. He afterwards filed his petition to be made a party complainant, and made his answer on file a part of the petition. Other judgment creditors of Richard Curran also intervened, and before any other proceedings were had in relation to the claim of Bishop, Curran undertook to settle all the claims in the suit. He succeeded in settling all of them except Bishop's, and for a time it was believed that Bishop's claim had been settled; and on May 23, 1905, an order was entered in this suit upon the stipulation of parties, whereby the cause was dismissed out of court without costs.

The signature of Bishop's attorneys to the stipulation upon which this order was entered was obtained by gross fraud, and under circumstances which are the subject-matter of this court's opinion in Prindeville v. Curran, 132 Ill. App. 162.

That opinion was rendered in an appeal by appellees herein from a decree sustaining a demurrer to an amended bill filed in another cause in the Circuit Court attacking the stipulation of the parties and the order of court above mentioned as having been procured by fraud, and to correct a mistake in a deed represented by Richard Curran to be a deed of Isabella Curran to some lots in South Chicago and given by him to Prindeville in settlement of Bishop's judgment, and after Curran and his wife had come in, and in response to the prayer of the original bill in that case, an answer under oath being demanded, and in response to special interrogatories propounded by the complainant, answered that the

deed by appellant Isabella Curran was not her deed and had never been executed by her, and praying that the satisfaction of the judgment and the order of the dismissal of this suit be set aside. The facts in that case up to the entry of the decree therein from which the appeal was taken sufficiently appear in the opinion of this court.

After the decree was reversed and the cause remanded, it was redocketed in the Circuit Court, and proceeded to a hearing and decree which set aside the satisfaction piece and stipulation to dismiss this cause on the ground of fraud, and ordered this cause reinstated and that it proceed in the same manner as if no dismissal had been had. The decree in that case also directed that appellee Thomas W. Prindeville and the McArdles be subrogated to all the rights of Bishop in his said judgment against Curran in case 258,806 in the said Circuit Court and in this cause, and that said deed purporting to be executed by Isabella Curran and her husband conveying lots described in the bill to Prindeville was not executed by Isabella Curran and was not her deed, and that the deed was fraudulent and void.

Upon the entry of that decree in Prindeville v. Curran this cause was reinstated in the Circuit Court and redocketed. Thomas W. Prindeville, Thomas R. Bishop, Edward J. McArdle and Patrick L. McArdle filed a supplemental bill by leave of court, setting up in substance the original bill and the proceedings in the case of Prindeville v. Curran, above referred to, and the proceedings in the case of Kennard v. Curran, General Number 266,724, and the decree therein; also the proceedings in the case of Bishop v. Curran, General Number 258,806 in the Circuit Court, and the facts in relation to the obtaining of the dismissal of this cause and of the fraudulent satisfaction of the judgment in Bishop v. Curran, and the setting aside of the deed given in satisfaction of the Bishop claim, and the pleadings and proceedings in this cause prior to the filing of the supplemental bill, and setting forth *in haec verba* the decrees in Prindeville v. Curran and in Kennard v. Curran and the affirmance of the decree in Kennard v. Curran by this court in June, 1909, the subroga-

tion of the complainants in the supplemental bill to the rights of Bishop, and that no part of the Bishop judgment had been paid, and that the same was in full force and effect, and that there was then due thereon $1,792.41 and interest from May 1, 1905, and that the defendant Hurford at the time of filing the supplemental bill had in his possession and held title to certain property described therein for Richard Curran, and as security for $14,990.25 and interest, and claiming that said judgment is subject to the lien of the Bishop judgment, and averring that Hurford acknowledges and admits, and the bill charges it to be a fact, that Hurford at the time of the filing of the bill had, and still has, in his possession, and holds title in trust to said real estate for Richard Curran, and that during the pendency of the case of Prindeville v. Curran, No. 167,982, there was on April 4, 1907, a deed of conveyance recorded from Isabella Curran to John F. Gavin of certain property described in the bill, and avers that Gavin is a relative of Curran's, and holds whatever title to said real estate passed to him by said deed for Richard Curran.

The bill avers that the rights of Dewitt T. Kennard and one Day, receiver in the Kennard case, are inferior and subject to the rights of the complainant, and that Prindeville and the McArdles are assignees and equitable owners of the Bishop judgment and entitled to be subrogated to all his rights as judgment creditor in said judgment as co-complainants in this bill.

To the supplemental bill Samuel R. Hurford filed his answer, admitting that he holds the real estate as found in the decree in Kennard v. Curran, No. 266,724, for the security of an indebtedness to him of $14,990.25, and interest, and that as to all the other allegations of the bill he neither admits nor denies, but calls for proof, and denies the complainants are entitled to a decree as prayed.

The defendants Richard Curran, Isabella Curran, John F. Gavin and Thomas J. Kane filed their plea to the supplemental bill, in which they aver that the order of July 19, 1906, in that certain suit then pending in the Circuit Court,

entitled Prindeville v. Curran *et al.*, General number 267,-982 (this case) was a final order of said court, and dismissed said suit for want of equity, and the said final judgment has never been reversed and set aside by any court of competent jurisdiction; that the bill of complaint, as the same was dismissed for want of equity by said decree, involves a freehold in that it sought among other things to correct a deed to certain lots, and the Appellate Court in entering its judgment of reversal and remanding said cause to the Circuit Court was wholly without jurisdiction, and the judgment of reversal of the said Appellate Court, together with all subsequent proceedings in the Circuit Court of Cook County, subsequent to entry of the decree dismissing said cause for want of equity, were and are wholly void and of no effect whatsoever. All of which matters and things the defendants aver to be true and plead the same to the whole of said bill.

The complainants filed a replication to the plea averring that the bill of complainant was true and that the plea was untrue, thus taking issue on the question of fact set up in the plea. The plea was thereupon set down for hearing and the court, upon the evidence introduced, found and held that the Appellate Court had complete jurisdiction, that no freehold was involved, and that the proceedings in the cause subsequent to the remanding of the case and the redocketing thereof in the Circuit Court were valid in law, and that the plea was not true and was accordingly overruled as false.

Thereupon the supplemental bill was taken as confessed, and upon the presentation of a draft of a decree and upon the hearing of objections to the draft of the decree as presented, the court referred the draft of the decree, with the objections thereto, to a master in chancery to report to the court such decree as complainants were entitled to on the pleadings. Upon the report of the master the court entered the decree appealed from in this cause, declaring and decreeing that Richard Curran is the true and equitable owner of each and every part and parcel of the real estate described therein and ordering Richard Curran to pay to Prindeville and to the McArdles the sum of $1.792.41, with 5 per cent interest from

May 1, 1905, together with costs, within five days from the entry thereof, and in default thereof, that certain portions of the real estate be sold, or so much thereof as may be necessary to realize the amount due complainants as found in the decree, together with the costs of suit and the cost of making the sale, and reserving the balance of the real estate for further disposition by the court. The real estate was ordered sold subject to the inchoate dower right of Isabella Curran, and certain real estate was ordered sold subject to the lien thereon of Hurford as found in the decree.

From the above decree Isabella and Richard Curran, Gavin and Kane prosecute this appeal and assign sixteen errors which counsel for appellants say may be reduced to the following points or contentions, for brevity:

1st: The want of jurisdiction in this court and the subsequent proceedings in the Circuit Court.

2nd: The judgment of the court below should have been *respondeat ouster.*

3rd: That there is not sufficient evidence to support the decree below, and the Decorators Supply Company's bill and the supplemental bill should have been dismissed for want of evidence.

4th: The cause should not have been referred to a master in chancery.

5th: The court below should not have retained the premises not ordered to be sold.

6th: The court below should not have ordered a master in chancery to execute the decree and pay the costs.

The first point named above presents appellants' main contentions, namely, that this court had no jurisdiction of the appeal in Prindeville v. Curran, 132 Ill. App. 162, because a freehold was involved. This contention we think is without merit. It is too clear for argument that the issues presented by the bill before this court in that case was the fraud practiced by Curran in obtaining the satisfaction of the Bishop judgment, and the dismissal of this cause by such fraud. No assignment of error was presented to this court which involved a freehold, and no such question was present-

ed to the court for consideration. The questions presented to the court arose upon the sustaining of a demurrer to the amended bill in that cause. The court was of the opinion that the bill was good, and that the proposed amendments thereto, which the complainants asked leave to make, should have been allowed, holding that they were presented in apt time, and if allowed would not have unreasonably delayed the defendants. Accordingly the decree of the court below was reversed and the cause was remanded with directions to set aside the order sustaining the demurrer to the amended bill and dismissing the bill, and to overrule the demurrer to the amended bill, permit the complainants to make the amendments which the court had refused to permit to be made, and for further proceedings not inconsistent with the opinion of this court. The record of this court offered in evidence on the hearing on the plea shows clearly that no question of a freehold was presented to this court, by the assignment of errors or otherwise.

The second ground of error urged is that the judgment of the court below should have been *respondeat ouster* under section 45 of the Practice Act of 1907. This point is necessarily disposed of by what we have said above. If this court had jurisdiction to hear and determine Prindeville v. Curran, *supra,* the cause was legally remanded. The parties proceeded to a hearing and decree in the Circuit Court. By that decree the dismissal of this cause was set aside and the cause was reinstated, and was pending the same as if no order of dismissal had been entered. The Circuit Court then had jurisdiction of the persons of the defendants; and section 45 of the Practice Act has no application.

We think the evidence offered upon the issue tendered by the plea warranted the finding that the plea was false. The plea was expressly to the whole supplemental bill, and the court did not err in ordering the supplemental bill, and petition of Bishop, to be taken as confessed by the defendants. No evidence was necessary in support of the petition and supplemental bill which presented a full statement of the pleadings in the case, the proceedings in case of Prindeville v.

Curran wherein the dismissal of the suit and the release of the Bishop judgment had been set aside together with the final decree therein. The bill also set forth the decree in the case of Kennard v. Curran, another creditor's bill, which had been affirmed in this court. All the matters and questions of fact had been adjudicated and the defendants were not in a position to litigate further as to those matters in this suit, having had their day in court, and it would have been manifestly improper for the court to allow further delay or litigation with respect thereto. The supplemental bill was therefore properly taken as confessed. The decree follows in its findings the averments of the supplemental bill.

It is urged with apparent earnestness that the court could not enter a decree in this cause without a complainant. We see no merit in this contention as made in this case. There is no importance to be attached to the position of parties in an equity suit as complainants or defendants, provided the proper pleadings are filed as a foundation for relief. The rights of the parties will be determined regardless of their positions as complainants or defendants. Biegler v. Merchants Trust Co., 164 Ill. 197; Lunt v. Stephens, 75 *id.* 507. The court properly granted leave to complainants in the supplemental bill to file it. When filed they became complainants, and were entitled to prosecute the suit on the Bishop judgment, although the judgment of the original complainant had been satisfied. We think the averments of the supplemental bill, so-called, are sufficient to support the decree.

The decree orders the Becker farm in the possession of defendant Hurford, and two lots in the possession of defendants Kane and Gavin respectively, or so much thereof as may be necessary, to be sold for the satisfaction of the judgment, and reserves jurisdiction of the cause and the parties for such further proceedings as to the balance of the property as justice may require. The record shows that each of these three items of property stands separate and distinct from each other, and from all the other property levied on. Under the bill the decision as to one conveyance would have no bearing upon the decision as to the others and distinct and

separate appeals might be taken as to each item of property. Walker v. Montgomery, 236 Ill. 244. We see no objection to the provisions of the decree in this respect. If the proceeds from these three items of property satisfies the judgment, the other property would be relieved of the lien. If appellants do not wish to have their property held under the lien, they may quickly relieve it by paying the judgment. Complainants are entitled to their lien until the judgment is paid on all the property and property interests of the defendant Richard Curran. Appellants have no ground of complaint because of the reservation in the decree.

We find no material error in the reference of the draft of the decree with the objections thereto to a master to report to the court a proper decree to be entered, although the practice is unusual. No objection was made by appellants. Appellants are not necessarily harmed by the reference. They can raise the question as to whether the fees of the master should be taxed against them by a motion to retax the costs, and we must assume that on such a motion the court will rule justly. Such references to a master cannot be justified on any ground appearing in this record. They make litigation so expensive as to amount to a denial of justice, not only by increasing the taxed costs of litigation, but by occasioning large additional expenses to litigants for solicitors' fees and other expenses.

We find no material error in the record and the decree is affirmed.

*Affirmed.*