Amos W. Walker, Admr., Plaintiff in Error, *vs.* Michael Montgomery *et al.* Defendants in Error.

*Opinion filed February 25, 1911—Rehearing denied April 6, 1911.*

1. Practice—*admissibility of new evidence where the cause is remanded.* Where a creditors' bill proceeding is remanded, with directions to enter a decree in accordance with the holdings of the opinion, which finds that a certain sum was paid for land and that the grantee sold it for a certain sum, and directs the grantee to account for the difference between the selling price and the sum of the purchase price and the amounts due on a certain mortgage and for unpaid taxes, evidence is admissible, upon re-instatement of the case, to show the amounts due on the mortgage and for unpaid taxes, which had not been ascertained in the former proceeding, but not to show that the grantee paid more and received less for the land than was found in the opinion.

2. Interest—*fraudulent grantee is chargeable with interest on value of property.* A fraudulent grantee, who has received property for the purpose of hindering and delaying the creditors of the grantor, is chargeable with interest on the value of the property.

3. Same—*when interest is chargeable against fraudulent grantee.* Where the opinion of the court of review in a creditors' bill proceeding fixes the basis for ascertaining the excess in value of property for which a fraudulent grantee must account to judg-

ment creditors of the grantor, the law fixes the liability of the grantee to pay interest on such amount when ascertained.

4. Costs—*discretion of chancellor in matter of costs is subject to review.* While the costs in a chancery proceeding are in the discretion of the court, yet that discretion is subject to review, and under the facts of this case it is not equitable to charge the complainant with more than one-fifth of the costs.

FARMER, J., dissenting.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Shelby county; the Hon. JAMES C. MCBRIDE, Judge, presiding.

ALDEN, LATHAM & YOUNG, for plaintiff in error.

GEORGE B. RHOADS, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

At the October term, 1908, of this court we affirmed a judgment of the Appellate Court for the Third District in this cause which reversed a decree of the circuit court of Shelby county and remanded the cause with directions to enter a decree in favor of the complainant in conformity to the holdings announced in the opinion of the Appellate Court. (*Walker* v. *Montgomery*, 236 Ill. 244.) On September 3, 1909, a decree in the cause was entered in the circuit court, from which complainant again appealed. The Appellate Court affirmed the decree, and the record has been brought here for review by a writ of *certiorari*.

A statement of the case appears in the former report and need not be repeated. T. F. Dove having died during the pendency of the cause in this court, his executors were substituted as defendants upon the re-instatement of the cause in the circuit court. The only question presented is whether the decree rendered by the circuit court is in conformity to the holdings of the Appellate Court, and both parties have assigned errors.

Among other holdings announced in the opinion of the Appellate Court it was found that the conveyance of the land now in controversy was made by Montgomery to Dove for $2000, subject to a mortgage for $4500 and some unpaid taxes; that the land was worth $9600 and was sold by Dove within ninety days for over $9000, and that "Dove should therefore be held to account to appellant for the sum remaining after deducting from the amount received by Dove upon the sale to Buoy the $2000 Dove paid for the land, added to the amount due on the $4500 mortgage when he accepted the deed from Montgomery and the taxes unpaid on the land when such deed was made, so far as the same shall be required to pay the appellant's judgments and costs." On the hearing, after the cause was remanded Dove's executors introduced evidence, over the objection of the plaintiff in error, tending to prove that Dove paid more than $2000 and received less than $9000 for the land. This evidence, under the mandate, was not admissible, and the court, on the final determination of the cause, properly refused to consider it. The remandment was not for a new hearing generally, and the court was bound by the specific directions of the Appellate Court. Evidence in regard to the amount of interest due on the mortgage and taxes due on the land when the deed from Montgomery to Dove was made was properly received, because the mandate required that Dove should have credit for such amounts while the record on the former hearing contained no evidence as to what they were.

After deducting from the $9000 for which the land was sold the $2000 cash paid by Dove and the amount of the mortgage, interest and taxes, the court found the remainder for which the executors should account to be $2240.66, and decreed the payment of that amount in due course of administration but refused to charge the estate with interest. The judgments of the plaintiff in error amounted to more than $3000 at the date of the decree, and if the ex-

ecutors should be charged with interest the amount would have been sufficient to pay the judgments and interest in full. A fraudulent grantee who has received property for the purpose of hindering and delaying the creditors of the grantor is chargeable with interest on the value of such property. (*Steere* v. *Hoagland,* 50 Ill. 377; *Murphy* v. *Loos,* 104 id. 514; *Deimel* v. *Brown,* 136 id. 586; *Felt* v. *Bell,* 205 id. 213.) The circuit court apparently regarded the holding of the court that Dove should account for the sum remaining after deducting from the $9000 purchase price the items mentioned, as fixing the amount for which the decree should be rendered. This is not a correct interpretation. The amount so fixed merely ascertained the excess in value of the property for which the executors were required to account. The law fixed the liability to pay interest on such amount when ascertained, and the interest was incidental to and a part of such amount as much as interest is incidental to and a part of the amount due upon a judgment or an instrument of writing though not mentioned. The holding of the Appellate Court required payment only so far as required "to pay appellant's judgments and costs," yet it could hardly be contended that payment of interest on the judgment was not required. The decree should have required the payment of interest upon the amount ascertained from the time it was received by Dove.

The decree required each party to pay half the costs, and this is assigned as error. While the costs in chancery are in the discretion of the court, yet that discretion is subject to review, and in this case we do not regard an equal division as equitable. The plaintiff in error succeeded on the main issue. While evidence was introduced bearing on transactions with and conveyances to defendants other than Dove, such evidence was competent for the purpose of proving Montgomery's fraudulent design and Dove's knowledge thereof. The costs incurred which were unnecessary to the successful prosecution of the suit against Dove were com-

paratively small, and in our judgment the plaintiff in error should not be charged with more than one-fifth of the costs.

The judgment of the Appellate Court will be reversed and the cause will be remanded to the circuit court of Shelby county, with directions to enter a decree requiring the executors (defendants in error) to pay to the plaintiff in error $2240.66, with five per cent interest from February 27, 1901, but not exceeding the amount of the judgments of the plaintiff in error, with interest and costs, and to pay four-fifths of the costs, the remaining one-fifth of the costs to be paid by the plaintiff in error, and all of such payments to be made in due course of administration.

*Reversed and remanded, with directions.*

Mr. JUSTICE FARMER, dissenting:

In my opinion the circuit court followed the directions given it by the Appellate Court. It may be those directions were wrong, but the circuit court was bound to follow them, and if there was any error it was the error of the Appellate Court and not of the circuit court.