[No. 4161.]

## THOMPSON ·V. ROWE.

1. CORPORATION—*Transfer of Stock by Deed.* Corporate stock, though personalty, may be effectually transferred by deed. The statute providing that it shall be transferred upon the books of the corporation, is for the protection of innocent purchasers. As between the parties, and all taking with notice, a transfer by deed is effectual. (363, 364.)

A mortgage of lands, after the description thereof, contained a clause to the effect that all ditch and water rights and stock in an irrigating company named, was also conveyed. One having notice of the mortgage, and of the stock there referred to, procured a certificate for such stock to be issued to himself, by a fraud practiced upon the officers of the corporation. *Held* that the stock was subject to mortgage. (363, 364.)

2. CHATTEL MORTGAGE—*Annual Statement of the Debt.* Even though the annual statement of the indebtedness secured by a chattel mortgage is not recorded, as required by statute (Rev. Stat., sec. 515), the mortgage is valid as to the mortgagor, as to an assignee of the chattels who has covenanted to pay it, and one who, not being a *bona fide* holder claims under such assignee. (364.)

*Error to Mesa District Court.* HON. THOMAS J. BLACK, Judge.

MESSRS. WHEELER & WEISER and MESSRS. ALDERMAN & CLARK, for plaintiff in error.

MR. ERNEST LEAVERTON and MR. L. L. MORRISON, for defendant in error.

MORGAN, J.

Rowe, the assignee of some notes and the mortgage securing them, had a decree in the lower court, in his two suits, consolidated and tried as one, foreclosing his mortgage on the real estate and some stock in the irrigation company furnishing water for the land mortgaged. The mortgagor had bought the land and had forthwith given the mortgage to his grantors, probably to secure the purchase price, and never had but one certificate, which was

for 29 shares of stock out of the 189 shares, which belonged to his grantors, turned over to him, or transferred to him on the books of the irrigation company, or in any other way, except as to the 29 shares, unless it was done by the deed which he received from his grantors. The certificate for the remaining shares, it appears, had been lost; consequently, the 189 shares remained, so far as the books of the company showed, in the name of his grantors, who were also his mortgagees, for about a month after the mortgage was given. The only effort to transfer the stock to the mortgagees, or to their assignee, Rowe, was by the following words in the mortgage:

"Together with any and all ditch and water rights, including any ditch stock in the Grand Valley Irrigation Company, furnishing water for the irrigation of said land, being about 59 statute inches."

About a month after the mortgage was given, the mortgagor sold and conveyed the land, and had the stock duly assigned, to a corporation of which he was the secretary and a director, which grantee assumed and agreed to pay the mortgage indebtedness, and which, shortly before this suit was brought, assigned the stock to Thompson, one of the defendants in both suits, and the plaintiff in error, who now claims the stock free from the incumbrance of the mortgage. By his answer he disclaims any interest in the premises described in the complaint, except his interest in the stock, and at the trial he introduced no material evidence, but relied upon the allegations and proof of the plaintiff as being insufficient to warrant the decree.

Plaintiff's evidence showed that when the mortgagor sold and conveyed the land to the corporation grantee, the irrigation stock was properly transferred on the books of the company to such grantee, through the efforts of the mortgagor and his grantors, without any other consideration, so far as the record discloses, than what was paid by it for the property conveyed by the deed to it; that Thomp-

son had the stock transferred to himself on the books of the irrigation company by presenting to the secretary thereof a duly assigned certificate of the stock from the said corporation grantee; that the ditch stock referred to in the mortgage was the same as that held by Thompson, and was the source of the water used to irrigate the mortgaged land, and that Thompson knew it, and stated to the secretary of the irrigation company, at the time he had the stock transferred to himself, that he, or a corporation he represented, and was a director in, had a deed in blank for the mortgaged land, from the aforesaid corporation grantee, and that he did not intend to take the stock away from the land, but intended to hold it so that it could be transferred with the land, thereafter, in case of a sale.

These facts, and others not necessary to enumerate, evidently satisfied the lower court that the mortgagor intended to mortgage the stock with the land to secure the notes, and sold the land and the stock to the corporation grantee, and that he became aware of the fact that the stock had never been properly transferred to him when he sold the land and the stock, and then transferred on the books of the irrigation company the 29 shares, which he at that time had in his hands, to his said grantee, and that he and his grantors, by giving an indemnifying bond to the irrigation company on account of the lost certificate, then had the remaining shares transferred properly on the books of the company; and that all of the parties to this last transfer knew and fully understood that the mortgage included the stock as well as the land, and that the defendant Thompson so knew it and understood it was not a *bona fide* owner of the stock.

In the case of *Richardson v. Longmont Ditch Co.*, 19 Colo. App., 483, 493, 76 Pac., 546, it is held that a transfer of corporate stock may be made by deed, as between the parties, although it is personal property, and although the statute provides that it must be transferred on the books

of the company; and that there is no reason for observing the statute, as between the parties, but only as to innocent purchasers for value. In the case of *Iron Stone Co. v. Equitable Co.*, 52 Colo., 268, 274, 121 Pac., 174, Halley claimed corporate stock, under circumstances similar to those existing in the present case, and the court said:

"If the court had retained jurisdiction over the person of Halley, and he still had possession of the stock certificate, and the court found from the evidence he was not a *bona fide* purchaser for value, then it could have compelled him to assign and surrender the stock for cancellation, ordered it cancelled, and a new certificate issued to the substituted trustee. 3 Clark & Marshall Private Corporations, p. 1844, sec. 607, p. 1755, sec. 572, p. 1751, sec. 571; 6 ed., secs. 373, 382, Cook on Corporations; *Atkinson v. Foster*, 134 Ill., 473 [25 N. E., 528]."

It is concluded that the plaintiff's evidence was sufficient to show that Thompson was not a *bona fide* holder of the shares of stock, and was not an innocent purchaser for value, and that he took the same subject to the mortgage.

It is also contended by defendant Thompson that as the mortgage of the stock operated as a chattel mortgage, and as the indebtedness secured exceeded $2500, and as no annual statement had been recorded as required by Sec. 515, R. S. 1908, such mortgage, as to him, had ceased to be a lien upon the stock. Without considering the question as to the operation of this mortgage as a chattel mortgage, in this instance, it is concluded that the defendant Thompson is not in a position to raise this question, because, not being a *bona fide* holder of the stock, he could not assert any greater rights than the grantee of the mortgagor from which he obtained it; and as such grantee assumed and agreed to pay the mortgage, he was, in effect, one of the parties to it, and the mortgage was good and valid as between the parties to it, without a compliance with sec. 515

aforesaid. It is provided in sec. 519, R. S. 1908, that a chattel mortgage is good and valid between the parties to it until the indebtedness is paid.

The judgment is therefore affirmed.