In re Estate of Kaspar G. Schmidt, Deceased.
Talitha H. Kellner and George W. Kellner, Executors of the Last Will and Testament of Barbara E. Kellner, Deceased, Plaintiffs in Error, v. George K. Schmidt, Individually and as Surviving Executor of the Last Will and Testament of Kaspar G. Schmidt, Deceased. Edna P. Wahl and Kate E. Herbert, Defendants in Error.

## Gen. No. 30,832.

1. APPEAL AND ERROR—*construction of decision reversing decree as to one item of account but affirming same "in all other respects."* The expression that a decree, reversed as to certain items of an executor's account, was "in all other respects" affirmed, means, not that all the rest of the account, but that all the rest of the account covered by appeal, was affirmed.

2. ESTOPPEL—*when plea of estoppel to seek modification of allowance of claims against estate of decedent negatived by record.* Plea of estoppel, on ground that plaintiffs in error had adopted the attitude of the lower court granting certain claims of one of defendants in error as to the estate in dispute, is negatived by record showing that such allowance was not made on motion of plaintiffs in error but of said defendants in error.

3.  APPEAL AND ERROR—*matters reviewable on appeal from part of severable decree.*  Where an appeal is perfected from part only of a severable decree, cross-errors as to another part of the decree cannot be considered; and a plea of former adjudication, based on the fact of such ineffectual assignment of cross-errors, is not a good plea to a subsequent writ of error from the other part of the decree.

4.  APPEAL AND ERROR—*confession of error by filing plea of former adjudication.*  Filing of plea of former adjudication to a writ of error is in effect a confession of error.

Error by plaintiffs to the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1926. Pleas overruled and decree reversed and remanded. Opinion filed December 21, 1926.

WYMAN, HOPKINS, McKEEVER & COLBERT, for plaintiffs in error; AUSTIN L. WYMAN, of counsel.

BRYANT, MENEELY, IRRMANN & LEWE, for Kate E. Herbert, defendant in error. MILLER, GORHAM, WALES & NOXON, for George K. Schmidt, defendant in error. CUTTING, MOORE & SIDNEY, for certain defendants in error.

MR. JUSTICE FITCH delivered the opinion of the court.

This writ of error is prosecuted from part of the same decree which was considered by this court in *Wahl v. Schmidt,* 237 Ill. App. 372.

In that case, known as No. 29360, George K. Schmidt, the surviving executor of the last will and testament of Kaspar G. Schmidt, deceased, appealed from the decree of the circuit court as to certain specified items of his final account as such executor, and by the final order entered in this court on that appeal, the decree was reversed as to some of such items, including "all items referring to advancements made to Barbara E. Kellner, to excess payments to her of income thereon, and to overpayment to her of partial distribution and interest thereon"; and as to such items the cause was

remanded with directions to the circuit court to restate the account in accordance with the views expressed in the opinion filed in that case.

In this case, the executors of the last will and testament of Barbara Kellner, deceased, seek to have a similar order entered with reference to other items of the same character, purporting to show the amounts of like advancements and overpayments made to Mrs. Herbert, by applying to such other items the same rules that were applied in No. 29360 to the items showing the amounts of advancements and overpayments to Mrs. Kellner. The assignments of error question the allowance, by the decree of the circuit court, of the item of $61,265.12, as the distributive share of Mrs. Herbert, and of the items charged for advancements, excess payments of income and overpayments of partial distribution to her which enter into the computation of that amount as her distributive share.

To these assignments of error, defendants in error have filed pleas of former adjudication and of estoppel, all based upon matters appearing upon the records and files of this court in this case and in No. 29360.

In the pleas of former adjudication, it is alleged that the identical questions sought to be raised in this proceeding were raised in No. 29360 by cross-errors which were assigned by the executors of Barbara Kellner, deceased, and afterward waived by not being argued. To each of these pleas, a replication was filed stating, in substance, that in No. 29360 the subject matter of the appeal was expressly limited, by the order allowing such appeal, to the question of payments to be made to the executors of the will of Barbara E. Kellner, deceased, that in none of the 53 assignments of error as amended was the action of the circuit court, in failing to charge Mrs. Herbert with the value of the advancements made to her, or overpayments to her, raised or brought in question, and that this court held, in its opinion filed in that case,

that therefore no question as to the amounts properly chargeable to Mrs. Herbert could be raised by the assignment of cross-errors on that appeal.    To the replication to the plea filed by George K. Schmidt, he filed a rejoinder stating that, before he appealed from the decree of the circuit court, he made a complete and final settlement with Mrs. Herbert of all his liabilities to her, both individually and as surviving executor and trustee of the estate of Kaspar G. Schmidt, deceased, including as a part of such settlement the payment to her of the amounts, respectively, ordered to be paid to her by the decree of the circuit court, and that because of this settlement he did not file any assignment of error in No. 29360 complaining of the action of the circuit court in failing to charge her with the proper amounts she had received in advancements and overpayments.

From the record in No. 29360 (which, by the oral agreement of counsel, is considered as evidence on the issues made by the pleadings mentioned), it appears that the appeal of the executor in that case was expressly limited to such items of his account as required payment to be made to Mrs. Kellner's estate. The opinion in that case shows that we held that cross-errors assigned as to other items of the account not included in the appeal could not be considered on that appeal.    Decisions in this State were cited in which this rule had been applied in cases of appeal from part only of the items of an executor's or administrator's account.    *Millard v. Harris,* 119 Ill. 185, was one of the cases cited.    The language of the opinion in that case, contained on pages 191 and 192 is especially applicable here.    In addition to the cases there cited, we find that the same rule has been recognized and applied generally to appeals from part only of a chancery decree, where the decree is severable. *(Walker v. Montgomery,* 236 Ill. 244, 248; *Johnson Mfg. Co. v. Alfred Johnson Skate Co.,* 313 Ill. 106,

125; *Hoier v. Kaplan,* 313 Ill. 448; *Glos v. Woodard,* 202 Ill. 480.)

It is true that the final order in No. 29360, after specifying the items of the decree that are reversed, says that "in all other respects" the decree of the circuit court is affirmed. But that language must be read in the light of the fact that the only matters before the court on that appeal, as we held, were the items of the account mentioned in the appellant's assignment of errors. Not all the items so mentioned were reversed, and the words quoted mean that the decree was affirmed as to all items included in the appeal that were not specifically reversed.

After our opinion in No. 29360 was filed, counsel for plaintiffs in error applied for a rehearing or a modification of the opinion so as to require the same amounts to be charged to Mrs. Herbert's share as we held should be charged to the share of the Kellner estate. The application was denied for the reason that the matter of the amount due to Mrs. Herbert was not and could not be determined in that appeal.

The pleas of estoppel are based upon the theory that throughout the entire proceeding in No. 29360, plaintiffs in error took the position with reference to Mrs. Herbert's share of the estate that was adopted by the circuit court and therefore cannot complain of its action. The replications to these pleas deny that such was the fact, and one of them alleges, in substance, that Mrs. Herbert was represented by her own counsel and that the part of the decree fixing the amount to be paid to her was entered on the motion of her own solicitors. We find from an examination of the records and files that this allegation is true, and we think it is a sufficient reply to the alleged estoppel. We may add that nothing alleged in the pleas of estoppel purports to show that the position of the surviving executor of the will of Kaspar G. Schmidt was altered to his prejudice in any

way by anything said or done by plaintiffs in error with reference to the claim of Mrs. Herbert.

For the reasons stated, the pleas filed by defendants in error are overruled.   Under the authority of *Great Northern Refining Co. v. D. K. Jeffris Lumber Co.,* 308 Ill. 342, the filing of the pleas of former adjudication in this case was in effect a confession of error, and, therefore, the decree must be reversed and the cause remanded as to the items of the executor's account specified in the assignment of errors.

*Pleas overruled and decree reversed and remanded.*

GRIDLEY, P. J., and BARNES, J., concur.