PRENTISS D. CHENEY *et al.*

*v.*

FREDERICK H. TEESE *et al.*

*Filed at Springfield January 19, 1884.*

1.  WILL—*devise to two daughters construed.* Under a devise of lands to the testator's grandchildren born of the bodies of his two daughters, whatever number they may be, share and share alike, to take possession only after the death of his said two daughters, of which the latter should have full use and enjoyment during their natural lives, it was *held,* that the right to possession in the grandchildren was at the same moment that the right in the two daughters should cease, which was at the death of both daughters, and that they both took the full use of the lands from the death of the testator until the death of the surviving daughter, without the right of survivorship, and that upon the death of one of the daughters her interest did not pass to the other, but passed to her heirs, or in case of a will, to her devisees, until the death of the other daughter, in the absence of express words in the will creating in them a joint tenancy.

2.  SAME—*whether joint tenancy created by a devise of a life estate.* Under the statutes of this State relating to joint tenancies, and providing against survivorship, on the death of one joint tenant before partition, unless expressly created, a devise to grandchildren born of the testator's two daughters, to take effect only upon the death of the two daughters, who were to have the possession and enjoyment of the estate during their natural lives, creates a life estate in the two daughters until the death of both, as tenants in common, from the testator's death, without any right of survivorship, and on the death of one of the daughters the estate devised to her does not terminate, but survives in favor of her grantees, heirs or devisees, whether any partition has been made or not.

3.  In such case the clause postponing the remainder to the death of both daughters does not change the result, as the heir or devisee of the daughter dying first, in such case, does not take under the grandfather's will, but under the Statute of Descents or the will of the mother, as to her undetermined estate.  The fact of there being grandchildren of the testator does not prevent them from acquiring such estate of their mother by purchase or devise, and such right is not affected by a recital in a deed of partition between the two daughters, showing a right of survivorship, and conveyance by each to the other only of an estate for life instead, until the death of the survivor.

4.  SAME—*construed, as whether giving a vested or contingent remainder.* The weight of authority seems to be that when an estate is devised to a class of persons described as survivors, such estate does not vest until the

time designated for the beginning of the enjoyment of the estate by that class of persons, and that the word "survivor," or "survivors," in such case has reference to that period, unless the will shows a different intent.

5.   Where the words of a will are, "I hereby give the fee simple of" certain lands "to my grandchildren, whatever number they may be,  *   *   * share and share alike, to take effect only after the death of my said daughters," to whom a life estate was granted, a vested estate in the remainder is immediately created in the grandchildren *in esse* at the testator's death, to be opened, however, upon the subsequent birth of other grandchildren by either of his daughters, to let them in to an equal share with those in being at the death of the testator.   Each grandchild, in such case, takes an equal, undivided vested remainder in the lands devised, subject to be divested *pro tanto*, from time to time, by the birth of other such grandchildren of the testator; and upon the death of any such grandchild after the death of the testator, his or her estate will pass to his or her heirs.

APPEAL from the Circuit Court of Christian county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

On April 25, 1863, Edward A. D'Arcy died, leaving a will, executed in 1860, which was duly proved and established in the county court of the county of Jersey soon after his death. By a clause in the will he declared :   "I hereby give the fee simple of all the various pieces and lots of land owned by me in Christian county, Illinois, to my grandchildren, whatever number they may be, born of the bodies of my two daughters, called Caroline and Catherine (commonly), share and share alike, to take possession only after the death of my said daughters,  *   *   *   which (my two daughters) shall have full use and enjoyment in possession of all said lands in Christian county during their natural lives."   At the death of the testator he left him surviving two daughters, Ann Caroline D. Teese, the wife of Frederick H. Teese, of New Jersey, and Catherine M. Cheney, the wife of Prentiss D. Cheney, of Illinois, and two grandchildren, Mary M. Teese and Catherine M. Teese, the daughters of Mrs. Caroline Teese.   Mrs. Cheney had a son born in April, 1862, who died in August of the same year, and before the death of the testator.   At the death of the testator Mrs. Cheney had no children living.

On November 23, 1863, an agreement was executed, under the seals of the parties, between Prentiss D. Cheney, and his wife, Catherine M. Cheney, of Illinois, of the first part, and Frederick H. Teese, and Ann Caroline Teese, his wife, of New Jersey, of the second part, reciting that Mrs. Cheney and Mrs. Teese were possessed of a life estate as tenants in common of the lands mentioned in the above clause in the will of their father, "with the right in the survivor of them to have and to hold all" the same "for the term of her natural life, from and after the death of the other," and by which agreement all these lands were divided equally between Mrs. Cheney and Mrs. Teese, (giving a full description of all the lands partitioned and set off to each,) and in consideration of care and improvement to be bestowed by the husband of each upon the share set off to his wife, it was provided that the husband of the sister who should first die, if he should survive her, should have the sole use of the lands set off to his wife, for five years from and after her death, if her surviving sister should live so long; and to carry out this partition the portion of land set off to each of these sisters was conveyed to her and her assigns by her sister and her husband, "to have and to hold  *  *  *  to her and her assigns during *her* natural life." Under this agreement the land thus set off to Mrs. Teese was taken to the exclusive possession and use of her and her husband, and the land thus set off to Mrs. Cheney was taken to the exclusive use and possession of her and her husband, and thus the use and possession continued of all these lands until April 23, 1877, and on that day Mrs. Catherine M. Cheney died testate, and for five years thereafter (that is, until April 23, 1882,) her husband, Prentiss D. Cheney, held and enjoyed her share of these lands without objection. After the death of the testator, Edward A. D'Arcy, Mrs. Cheney had born unto her three children,— Edward D. Cheney, born June 8, 1865, who died August 21, 1868, and *Alexander M. Cheney*, born September 8, 1868,

(who is still living, and one of the appellants in this case,) and *Caroline T. Cheney*, born October 11, 1875, who died May 26, 1877; and thus at the death of Mrs. Cheney she left her surviving, her husband and two children, one of whom died about one month after the death of Mrs. Cheney, her mother. Mrs. Cheney, by her will, gave all her interest in this land to her husband and her children, share and share alike.

The main controversy in this case relates to the right to the use and enjoyment of the lands set off in partition to Mrs. Cheney, from the period of five years after the time of her death, for and during the life of Mrs. Teese. This is a bill brought by Prentiss D. Cheney, the husband, and Alexander M. Cheney, the son, of Mrs. Cheney, asking for a construction of this clause of the will, claiming the use of Mrs. Cheney's half of all these lands to be in them, or one of them, for that term. Mrs. Teese, one of the defendants, claims the use of these same lands for the period in question.

The circuit court decreed that by this clause of the will the use and enjoyment of all the lands passed to both the daughters, *with right of survivorship*, until the death of the survivor, and that the grandchildren surviving at the death of the testator took a vested remainder in all the lands mentioned in that clause of the will, subject to open in favor of grandchildren born thereafter, and that each of the grandchildren living at the time of the death of the testator, or born thereafter, took a vested remainder in an equal share of the whole of said lands, and hence Mrs. Teese is entitled to the sole use and possession and enjoyment of all the lands mentioned in that clause of the will, and the rents and profits of the same, for and during her natural life, from and after the expiration of five years after the death of her sister, Mrs. Cheney. To reverse this decree in so far as it affects the use of one-half of this property, after five years after the death of Mrs. Cheney, and for and during the life of Mrs. Teese, Mr. Cheney and his infant son bring this appeal. Mrs. Teese and her hus-

band assign cross-errors, insisting that none of the grand-children take vested remainders, and that the fee to the whole will pass in equal parts to the grandchildren who may survive at the death of Mrs. Teese.

Mr. H. M. VANDEVEER, for the appellants:

A devise to two or more during their natural lives, and at their death to their heirs, is uniformly held not to create a joint tenancy as to the life estate with a right of survivorship, but upon the death of one his interest passes to his heirs. In support of this, counsel cited the following among other cases: *Campbell* v. *Rawdon*, 18 N. Y. 414; *Putnam* v. *Gleason*, 99 Mass. 454; *Hunt* v. *Luquere*, 5 Cow. 228; *Bool* v. *Mix*, 17 Wend. 127; *Woolston* v. *Beck*, 34 N. J. Eq. 75; *Seely* v. *Seely*, 44 Pa. 434; *Branson* v. *Hill*, 31 Md. 191; *Adams* v. *Spaulding*, 12 Conn. 351; *Patterson* v. *Jackman*, 5 Ind. 283; *Strong* v. *Strong*, 4 Redf. (N. Y.) 378; *Tanier* v. *Peakes*, 2 Sim. & Stu. 383; *Arrow* v. *Mellish*, 1 DeG. & Sm. 356; *Ewington* v. *Fenn*, 16 Jur. 398; *Laverick's Estate*, 18 id. 304; *Turner* v. *Whittaker*, 23 Beav. 197; *Wills* v. *Wills*, 20 L. R. Eq. 342; *Hawkins* v. *Hammerton*, 16 Sim. 420; *Archer* v. *Legg*, 31 Beav. 191; *Jones* v. *Randall*, 1 J. & W. 100; *Russell* v. *Long*, 4 Ves. 555; *Bryan* v. *Twig*, L. R. 3 Ch. 183. But if any right of survivorship ever existed in favor of Mrs. Teese, she abandoned and relinquished it by executing the deed of partition. She thereby lost all claim to the land conveyed by her to Mrs. Cheney.

That the life estate continues until the death of Mrs. Teese, and that the interest of Mrs. Cheney passed to her devisees, to be held by them until the final termination of the life estate by the death of Mrs. Teese, we refer to the following: 3 Preston on Conveyances, 404; 2 Bouvier's Inst.; *Utley Dale's case*, Croke's Eliz. 182; Williams on Real Prop. 309; 1 Jarman on Wills, 173, note 1; 4 Kent's Com. part 6, sec. 55, p. 26; *Alexander* v. *Miller*, 7 Heisk. 83.

We claim that the estate vested in fee simple in the grandchildren living at the death of the testator, who were divested *pro tanto* as other grandchildren were born during the existence of the life estate, and that the share of any grandchild dying intestate descended to his heirs at law. 4 Kent's Com. 203–206; 2 Redfield on Wills, 253, sec. 61; *Nicoll* v. *Scott*, 99 Ill. 540; *Peoria* v. *Darst*, 101 id. 618; Williams on Real Prop. 233; *Hempstead* v. *Dickson*, 20 Ill. 195; *Moore* v. *Lyons*, 25 Wend. 119; *Voris* v. *Sloan*, 68 Ill. 588; *Butler* v. *Heustis*, id. 602; *Ruffin* v. *Farmer*, 72 id. 615; *Marvin* v. *Collins*, 98 id. 518.

Messrs. J. C. & C. L. CONKLING, for the appellees, to show that a right of survivorship was created by the devise to the two daughters during their lives, cited and commented upon *Doe* v. *Abey*, 1 M. & S. 432; *Malcom* v. *Martin*, 3 Brown's Ch. 45; *Pearce* v. *Edmeades*, Y. & C. 248; *McDermott* v. *Wallace*, 5 Beav. Ch. 142; 2 Powell on Devises, 730; 2 Jarman on Wills, 759.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Several questions arise upon this record, and are submitted to the court in this case. It is plain that by this will a limited estate is given to the testator's daughters, with remainder in fee to his grandchildren.

The first question relates to the extent of the estate given to the two daughters. It is suggested, as the grant to them is of the "full use and enjoyment of possession of all" the lands in question *"during their* natural lives,*"* that this means so long as they *both* live, and hence that this estate ended with the life of Mrs. Cheney, and at that time vested in fee in the grandchildren. This, perhaps, is the literal meaning of these words, not considering the context. It is, however, plain that the testator intended the right of possession in his grandchildren should begin at the same moment that the

right granted to his daughters should cease, and the words, "to take possession *only* after the death of my said daughters," plainly postpone the enjoyment of the estate by the grandchildren, as his devisees, until after the death of *both* of his daughters—that is, until the death of the survivor of them. The estate, therefore, granted to the daughters was the full use of the lands from the death of the testator until the death of the last survivor of his daughters, and did not end with the life of Mrs. Cheney.

The next question relates to the nature of the estate granted to the daughters, and especially to whether the right of survivorship was attached thereto. It is claimed by Mrs. Teese that on the death of her sister, Mrs. Cheney, the right to the full enjoyment of the whole of these lands vested in her as survivor, to continue during her natural life. If we had no statute law bearing upon this subject there would be much force in the contention, but the determination of this question is plainly controlled by our statute. On January 13, 1821, a statute was passed in this State saying: "If partition be not made between joint tenants, the parts of those who die first *shall not accrue* to the survivor or survivors, but descend or pass by devise, * * * and be considered, to every intent and purpose, in the same view as if such deceased joint tenants had been tenants in common." (Rev. Stat. 1833, p. 474.) On January 31, 1827, it was declared in another statute, that "no estate in joint tenancy in any lands * * * shall be held or claimed under any grant, *devise* or conveyance whatsoever, other than to executors or trustees, unless the premises therein mentioned shall *expressly be declared* to pass, *not* in tenancy *in common*, but in *joint* tenancy; and every such estate, other than to executors or trustees, unless otherwise *expressly* declared, *as aforesaid,* shall be deemed to be in tenancy *in common*." (Rev. Stat. 1833, p. 130.) These two provisions have been ever since, and now are, the law in this State. See Gross' Stat. 1871,

pp. 84, 377, and Rev. Stat. 1874, chap. 56, sec. 1, and chap. 24, sec. 5.

It is to us plain that by this clause in the will of their father, made in view of these statutes, Mrs. Cheney and Mrs. Teese, at the death of their father, became possessed, as tenants in common, of an estate in these lands, to extend until the death of the survivor of them, each taking an undivided half of that estate. There are no express words in the will granting this estate making them joint tenants, nor any words expressly indicating that the estate of the one who dies first shall accrue to the survivor. Each daughter, as we understand, took an estate of the same amount and of the same duration. Such estate, as to each, was simply an estate for her own life, if she should survive her sister, but an estate for the life of her sister, if her sister should survive her. Partition was afterwards made of the lands between them. Even had no partition been made, under our statute in force when this will was made and when it took effect, the part of the tenant who died first could not accrue to the survivor. At the death of Mrs. Cheney her estate in the lands set off to her, not being terminated, was that of a devisable and descendible freehold, and passed to her heirs or devisees. It follows, that Mrs. Teese, under this will of her father, has no right or interest whatever in or to the possession and use of the lands set off in partition to Mrs. Cheney, but the same passed, by the will of Mrs. Cheney, to her devisees,—her husband and her children her surviving,—subject, of course, to the five years' use by her husband, which he has already enjoyed.

It is suggested that the words of the will of the testator, D'Arcy, allowing the grandchildren to take possession *only* after the death of both his daughters, repels the conclusion that the children of Mrs. Cheney (who are grandchildren) should enjoy the use of any of this property before the death of both of the daughters. In the view we take of this case

they do not take this right of possession and use as devisees of this testator, their grandfather.. By the grant to them in the will they take *only* a share of the estate in remainder. This they took by purchase. Their mother took by purchase, under the same will, a right to the use of half the property from the death of the testator until the death of the survivor of the daughters, and at her death her children then living, being part of her heirs, had she died intestate, would have taken their share of this undetermined estate of their mother by inheritance. Had she chosen, in life, to have sold her interest in this estate, her grantee could have held the same after her death. There is nothing in the will to prevent any grantee, devisee or heir of Mrs. Cheney acquiring her estate, and the mere fact that such grantees, devisees or heirs are also grandchildren of the testator does not exclude them from the benefit of such acquisition. They take this interest not as grandchildren, nor as heirs or devisees of their grandfather, but as devisees of their mother. There is nothing in the deed of partition affecting this result. It is true it recites that the daughters, as tenants in common, have a life estate, with the right to the survivor of them to hold all of said lands for the term of her natural life, after the death of the other. This merely shows that they misapprehended their relative rights and interests, but we do not see that the action of either was affected or at all influenced by such misapprehension. They did make partition, and thus severed their possessions, and the right of survivorship, even had it ever existed, was at an end. In carrying out this partition it is true the deed of Mrs. Teese to the lands set off to Mrs. Cheney conveys the lands for the life of the grantee only, when to have covered the whole ground it ought to have been until the death of both, or of the survivors. But in a court of equity that will be treated as done which ought to have been done. There was really no need of any conveyance. It was enough that by agreement they divided the lands and severed

the possession, and each afterwards occupied and enjoyed in accordance with that partition.

Another question presented is, whether the estate granted to the grandchildren became, at the death of the testator, a vested remainder, or remains a contingent remainder until the end of the term given to the daughters of the testator,— to vest at that time in the grandchildren then *in esse.* The weight of authority seems to be, that where an estate is granted to a class of persons described as survivors, such estate does not usually vest until the time designated for the beginning of the enjoyment of the estate by that class of persons; and the word "survivor," or "survivors," has, in such case, reference to that period. The peculiar language of this will, however, shows clearly that such was not the testator's intention. The language of the grant to the grandchildren is *in presenti.* There is nothing said about "surviving" grandchildren. The words are: "I hereby give the fee simple of" the lands "to my grandchildren, whatever number they may be,　*　*　*　share and share alike, to take possession only after the death of my said daughters." Except in so far as limited by the words postponing the possession, the grant is present and unconditional of a present full fee simple to the grandchildren.

We hold, therefore, that under this will the two grandchildren *in esse* at the death of the testator (the two children of Mrs. Teese) took at once *a vested* remainder in all these lands, to open, however, upon the subsequent birth of other grandchildren, if any, to let in those subsequently born. Each took at once a vested remainder in one-half of all these lands, subject to be divested *pro tanto*, from time to time, by the subsequent birth of other such grandchildren of the testator, if any. And so on the birth of Edward D. Cheney, June 28, 1865, the children of Mrs. Teese were each divested of one-third of her apparent share, and these three grandchildren, each, for the time, became invested with an estate in

remainder in one-third of these lands,— and that·on the death of the grandchild Edward, his share or vested remainder, subject to like reduction, passed by descent to his heirs. And so on the birth of Alexander M. Cheney, (the now surviving son of Mrs. Cheney,) born September 18, 1868, the share of each of these grandchildren was reduced to that of one-fourth in such estate in remainder; and on the birth of Caroline T. Cheney, October 11, 1875, she became the owner of a grandchild's share in this estate in remainder, which, in the then state of affairs, was one-fifth to each, and at her death, on May 26, 1877, her ·share descended to her heirs. It follows, that each of the grandchildren now living, (that is, Mary M. Teese and Catherine M. Teese, daughters· of Mrs. Caroline Teese, and Alexander M. Cheney, son of Mrs. Catherine Cheney, deceased,) is the owner now, as devisee under this will, of a vested remainder of one-fifth in all these lands, subject only to be divested *pro tanto* by the birth hereafter of a child or children of the body of Mrs. Teese, and that a like interest of one-fifth is now vested in the heirs of each of the children of Mrs. Cheney who were born after the death of their grandfather, and who are now dead.

There is some discussion in the briefs about the appointment of a receiver, and a motion is made in this court to set aside the appointment. We deem it unnecessary to discuss these questions in detail. By the views here presented the circuit court will find no difficulty in requiring the receiver to account, or in adjusting the accounts according to the rights of the parties, as herein presented.

The decree is reversed, and the cause remanded for other and further proceedings in accord with the views herein expressed.

　　　　　　　　　　　　　　　　*Decree reversed.*