PRENTISS D. CHENEY *et al.*

*v.*

FREDERICK H. TEESE *et al.*

*Filed at Springfield March 30, 1885.*

1. APPEAL—*when freehold was involved, but not brought in question on the appeal—as to the portion of a decree not involving the freehold.* Although a freehold may have been involved in a litigation, and decree rendered therein, yet when no objection is made to the decree so far as it settles the freehold, an appeal from another part of the same decree, having no relation to the question of the freehold, but merely settling a matter of account, will not lie from the circuit court to this court, but must be taken to the Appellate Court.

APPEAL from the Circuit Court of Christian county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

This was a bill in chancery brought by Prentiss D. Cheney to obtain a construction of a will. The appeal from the original decree will be found reported in 108 Ill. 473.

Mr. H. M. VANDEVEER, for the appellants.

Mr. JAMES C. CONKLING, for the appellees.

Mr. W. M. PROVINE, for George E. Maxon, receiver.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The case of *Cheney* v. *Teese*, out of which this litigation grew, was before us at the January term, 1884, when the decree of the circuit court was reversed and the cause remanded. (See *Cheney* v. *Teese*, 108 Ill. 473.) The record, as then presented, involved a freehold. After the remanding order was filed in the circuit court, and on the 18th day of April, 1884, a final decree upon the merits of the cause was rendered, in conformity to the decision which we had rendered at our January term. This decree settled the rights of the parties as to the title to the lands involved in the liti-

gation, and seemed to be satisfactory to all the parties in interest, as no exception was taken to the decree, nor did any of the parties appeal or sue out a writ of error to reverse the decree. The receiver, who had been previously appointed, was by this decree relieved from all further duty, and required to report his doings, as such receiver, to the court. In obedience to this order the receiver presented a report, which purported to show amounts received and disbursements made as such receiver. Various objections were interposed to this report, and the court made an order referring the report to the master in chancery to state an account. Some of the objections to the report the master sustained, and others were overruled. The result of the master's action was as follows:

The master charged the receiver—

| | |
|---|---:|
| For report April 7, 1883, | $1650.35 |
| Wheat, | 1638.08 |
| Oats, | 288.31 |
| Corn, | 922.55 |
| Hay, | 51.09 |
| Rye, | 1.37 |
| Cash rent, | 499.50 |
| Interest, | 37.74 |
| Total, | $5088.99 |

And gave the receiver credit for—

| | | |
|---|---:|---:|
| All items shown, | $1094.60 | |
| Salary, | 800.00 | |
| | | 1894.60 |

Leaving a balance in hands of receiver of  - $3194.39

Exceptions were filed to this report, a few of which were allowed, but in the main the action of the master was sustained by the court, and at the June term of the court the following order was entered:

"Final order made at the June term, on August 15, 1884, upon the matters arising upon the reports of the receiver,

and the exceptions thereto, and upon the reports of the master, and the exceptions thereto. And the court having heard the same, finds, from the evidence so taken and reported, that George E. Maxon, as receiver, has received the sum of $5127.97, and that he has expended in and about the property in his custody, as receiver, the sum of $844.60, and that such expenditure was necessary and proper; and further finds that said receiver is entitled to reasonable compensation for his services as such, and that the sum of $1050 is reasonable; that said compensation should be treated as costs; that the fund in his hands is primarily liable for its payment, and the receiver is entitled to retain his compensation out of the funds in his hands; that the receiver pay to the complainants the sum of $3233.37. It is further ordered that the costs made on the reference to the master of the receiver's report, be paid in the following proportion: By the complainant P. D. Cheney, five-fifteenths; by the complainant A. M. Cheney, four-fifteenths; by the receiver, George E. Maxon, six-fifteenths. It is further ordered that the complainants recover of and from the defendant Teese, the sum of $1050, as costs, being the amount allowed to said George E. Maxon for his services as receiver."

This judgment of the court was excepted to by all the parties except the receiver, and the complainants prayed an appeal, which was granted.

It will be observed that the appeal only brings up for review the judgment of the court on the master's report in reference to the receiver's account. The court finds that the receiver has in his hands belonging to the complainants, $3233.37, which he is ordered to pay over to them. They think the amount the receiver was required to pay was not enough, and for the purpose of reversing the judgment and getting more, they appeal. The judgment appealed from is in effect but a money judgment. In the original decree a freehold was involved, but no appeal was taken from that

decree, and it is not before the court. But no freehold is involved in this controversy. The question, and the only question, here involved, is what amount of money the complainants are entitled to recover from the receiver. Such being the case, it is plain, under the statute, that an appeal did not lie directly from the circuit court to this court, but the appeal should have gone to the Appellate Court.

The appeal will be dismissed.

*Appeal dismissed.*