(No. 15242.—Reversed and remanded.)

Anna G. Cooper, Appellant, *vs.* Emilie G. Martin *et al.* Appellees.

*Opinion filed April 18, 1923.*

1. Wills—*when devise is not sufficient to create joint tenancy.* While the exact words of the statute need not be used, the intention to create an estate in joint tenancy must be so clearly expressed as to leave no reasonable doubt that the purpose was to create such an estate, and a mere devise to the testator's wife and children, jointly, does not create an estate in joint tenancy.

2. Partition—*court may set aside default for good and sufficient cause.* It is within the discretion of the court to set aside the default of a defendant in a partition suit, and where good and sufficient cause is shown by affidavit the defendant may be permitted to answer the bill.

3. Same—*court should protect interests of party presumed to be dead.* The presumption of death from seven years' absence is effective for all legal purposes, but the court partitioning property in which the absentee has an interest should act upon the presumption with reasonable regulations and safeguards for the protection of the rights of the absentee if it should turn out that he is alive.

4. Same—*specific share should not be set apart for absent devisee presumed to be dead.* In partitioning property in which an absent devisee who is presumed to be dead has an interest, the court should not set apart a specific share for such absentee, as he may never return and the time never come when his share can be divided, but the decree should direct partition among the other devisees, or if partition is not possible, should direct a distribution of the proceeds of the sale of the property among said devisees, making provision to secure the rights of the absentee in either case.

5. SAME—*co-tenant is not liable to account for rents until demand is made.*  In the partition of property devised to the testator's widow and four children, one of the children who continued to live in the family home after the death of the widow is not required to account for the reasonable rental of the property, which was included in the devise, until a demand is made by the other devisees or there is an ouster or refusal to permit joint occupation, and where demand is made by one co-tenant, only, it creates only a personal liability for her share of the rental value.

APPEAL from the Circuit Court of Logan county; the Hon. FRANK LINDLEY, Judge, presiding.

HARRIS & HARRIS, for appellant.

McCORMICK & MURPHY, for appellee Johanna Louise Uhle Renfer.

HAROLD F. TRAPP, for appellee Caroline I. Gessner.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appeal in this case is from a decree for partition of real estate in the city of Lincoln, in Logan county, and an accounting for rents and profits, entered in the circuit court on a bill filed by Anna G. Cooper, appellant, against her sisters, Emilie G. Martin and Caroline I. Gessner, and her half-sister, Johanna Louise Uhle Renfer, appellees, and John Regner, a tenant.

The complainant alleged in her bill that her father, Gottlieb Gessner, by his will devised the real estate to his wife, Caroline Gessner, his daughters, Anna G. Gessner, (now Anna G. Cooper, the complainant,) Caroline I. Gessner and Emilie G. Gessner, (now Emilie G. Martin,) and his son, William Gessner, as joint tenants and not as tenants in common; that Caroline Gessner is dead and William Gessner is presumed to be dead from an absence since 1906 and not having been heard from, and that by right of survivorship she and her two sisters are each seized of an undivided one-

308—15

third interest in the real estate. The bill prayed for partition accordingly and an accounting of rents and profits by Caroline I. Gessner. The bill was answered by the defendants Emilie G. Martin and Caroline I. Gessner, admitting the allegations of the bill and that Caroline I. Gessner had collected rents and made expenditures therefrom for taxes, repairs, insurance and other necessary expenses, and that she was willing to render an account. The defendant Johanna L. U. Renfer was defaulted, but the default was set aside and she answered, denying that the devise by Gottlieb Gessner was of a joint tenancy, and alleging that the share of the widow, Caroline, had been devised to her, and by the death of William Gessner she became seized of an undivided one-fourth interest in the real estate. The cause was referred to a special master in chancery to take and report the evidence, and the chancellor considered the cause upon the evidence taken and reported and entered the decree appealed from.

The tracts of real estate in question were owned by Gottlieb Gessner and were devised by him by his will, made in 1880, as follows:

"*Second*—After such expenses and debts are paid, I give and bequeath unto my wife, Caroline Gessner, and to our children, jointly, all my estate, real and personal, except my watch and my gun, both of which I hereby give and bequeath to my son, William Gessner, to be kept for him until he arrives at the proper age to use and handle them. And I hereby constitute and appoint my wife, Caroline Gessner, executrix of this my last will and testament, revoking all former wills made by me and ratifying and confirming this and no other to be my last will and testament. I further constitute and appoint my wife, Caroline Gessner, administratrix of my estate, giving her power to sell property, real or personal, to settle the debts justly owing by me or to defray the expenses of the education of our children. The bequest above shall embrace all the prop-

erty I now own or that I may in anywise inherit. My wife to enjoy her share during her life, after her death to descend as provided by law."

Gottlieb Gessner died on February 14, 1880, and his will was admitted to probate on March 16, 1880, and his estate was settled. The children of the testator and Caroline Gessner were, Anna G., Caroline I., Emilie G. and William. The complainant, Anna G., and the defendant Emilie G., have since married. William left his home in the city of Lincoln on Easter Monday in 1896, he being twenty-one years old and unmarried. He was a plumber by trade, and letters were received from him for several years from different places. He remained in any one place only a short time, and wrote from Erie, Pennsylvania, in 1902, and the last letter from him was from El Paso, Texas, in 1906. Extensive inquiry was made through correspondence of post-masters and friends, and the plumbers' organization to which he belonged advertised for his whereabouts, but all efforts were unavailing and no trace of him was ever found. On March 27, 1914, the complainant was appointed administratrix of his estate by the county court of Logan county upon an adjudication of his death, and his estate was settled and the administratrix discharged. The widow, Caroline Gessner, was married to Carl Uhle, and to that marriage the daughter, Johanna, was born and is now Johanna L. U. Renfer. Caroline Gessner was divorced from Uhle and resumed her former name. She executed her will on August 18, 1905, containing the following devise:

"*Second*—After the payment of such funeral expenses and debts, I give, devise and bequeath unto my youngest daughter, Johanna Louise Uhle, all the property, both personal and real, that I may die seized of or be entitled to or possessed of."

Caroline Gessner died in June, 1912, and her will was admitted to probate on October 5, 1912.

Upon these facts the chancellor found that the complainant, Anna G. Cooper, the defendants, Emilie G. Martin, Caroline I. Gessner and Johanna L. U. Renfer, and William Gessner if living or his heirs-at-law if deceased, were seized of an undivided one-fifth part of the real estate and partition was ordered accordingly. The decree appointed commissioners, and directed them to set off to each of said parties an undivided one-fifth part, the one-fifth part of William to be set off to him if living and to his heirs-at-law and next of kin if dead. The decree further provided that in case partition and division could not be made, the real estate should be sold and the proceeds, including the share of William, should be paid and distributed to Anna G. Cooper, Emilie G. Martin, Caroline I. Gessner and Johanna L. U. Renfer, as his heirs-at-law and next of kin, under the presumption of his death intestate, upon their entering into bond, with security accepted and approved by the court, to account for the proceeds of his share if he should be living or if dead to other heirs-at-law.

The defendant Johanna L. U. Renfer was defaulted on the original bill, but upon her motion the default was set aside and she was given leave to answer, and answered the amended bill. It is assigned for error that the court set aside the default, and that is the first proposition contained in the brief and argument for the appellant. It was within the discretion of the court to set aside the default, and good and sufficient cause was shown by the affidavit of Caroline I. Gessner.

When the default of Johanna L. U. Renfer was set aside and she was admitted to answer, she denied the averment of the bill that the devise by the will of Gottlieb Gessner was of a joint tenancy and asserted that the devisees became tenants in common. The statute declares that no estate in joint tenancy shall be held or claimed under any grant, devise or conveyance, other than to executors and trustees, unless the premises therein mentioned shall ex-

pressly be thereby declared to pass not in tenancy in common but in joint tenancy. While the exact words of the statute need not be used, the intention to create an estate in joint tenancy must be so clearly expressed as to leave no reasonable doubt that the purpose was to create such an estate. (*Cheney* v. *Teese,* 108 Ill. 473; *Mette* v. *Feltgen,* 148 id. 357; *Gaunt* v. *Stevens,* 241 id. 542.) The devise in this case was to the wife and children jointly, but that is not sufficient to show an intention to create a joint tenancy. (*Mustain* v. *Gardner,* 203 Ill. 284.) Some importance is ascribed by counsel to the provision that the testator's wife was to enjoy her share during her life and after her death to descend as provided by law. The devise was of a fee, which the widow would enjoy during her life, and if the provision for its descent could be regarded as of any importance, it was void as making the same disposition of the remainder as would be made by the law. As a tenant in common with the daughters it would so descend to her heirs, and the devise of the fee was not limited by any provision of the will. By the devise the widow and four children became each seized of an undivided one-fifth of the real estate as tenants in common.

By the will of Caroline Gessner her one-fifth interest was devised to her daughter Johanna L. U. Renfer. After the death of Caroline Gessner, in 1912, a presumption arose that William Gessner had died and that his undivided one-fifth interest had descended to his heirs-at-law, his three sisters, Anna G. Cooper, Emilie G. Martin and Caroline I. Gessner, and his half-sister, Johanna L. U. Renfer, and that they were each seized of an undivided one-fourth interest in the real estate. That presumption is effective for all legal purposes. (*Whiting* v. *Nicoll,* 46 Ill. 230; *Reedy* v. *Millizen,* 155 id. 636; *Donovan* v. *Major,* 253 id. 179; 8 R. C. L. 708; 17 Corpus Juris, 1166.) The presumption creates a different mode from direct proof of the fact of death, upon which a court may lawfully act, and the courts

of this State having jurisdiction of property within the State may act upon the presumption with reasonable regulations and safeguards for the protection of the property rights of the absentee if it should turn out that he was alive. (*Stevenson* v. *Montgomery*, 263 Ill. 93; *Eddy* v. *Eddy*, 302 id. 446.) The court, therefore, should have found that Anna G. Cooper, Emilie G. Martin, Caroline I. Gessner and Johanna L. U. Renfer were each seized of an undivided one-fourth of the real estate and directed partition accordingly. If that were not done and William Gessner should not appear or be shown to be alive, the time would never come when his share could be divided. If it should turn out that he was alive he would have a right to recover his share. In case of such partition the rights of William, if alive, would be safeguarded, but in case partition could not be made and there should be a sale and the property converted into money and distributed, provision was necessary to secure his rights and interests, and such provision was made.

Rents had been collected both by the complainant, Anna G. Cooper, and the defendant Caroline I. Gessner. The bill prayed for an accounting by Caroline I. for rents collected, and by her answer she declared her willingness to account for the same. The decree required such accounting, but Caroline I. had occupied a portion of the premises which had been the family home, and the chancellor required her to account to the other owners for the reasonable rental value. She has assigned a cross-error on that portion of the decree. She testified that the complainant, after the death of their mother, told her that she could live in the house without paying any rent, and Mrs. Renfer testified that all the sisters agreed that she might live in the premises without paying rent as long as she lived in Lincoln. The complainant testified that this agreement on her part was for but one year. Caroline I. was not liable, as a co-tenant, to account for the rental value of the home,

or any part of it, until a demand should be made by a co-tenant or co-tenants or there should be an ouster or refusal to permit joint occupation. (*Boley* v. *Barutio,* 120 Ill. 192; *Angelo* v. *Angelo,* 146 id. 629; *Cheney* v. *Ricks,* 187 id. 171.) Such a demand was made on December 1, 1916, by Anna G. Cooper when she served notice of her claim for rent, and the Statute of Limitations was set running by that demand. The bill was filed on November 9, 1921, and the right to recover rent covered a period of five years before that time. The same rule did not apply as in the case of rents collected, as to which a co-tenant occupies the relation of agent or trustee for co-tenants, but the demand created a personal, individual liability. Anna G. Cooper was only entitled to recover her proportionate share of the rental value of the home for five years before the filing of her bill.

The decree is reversed and the cause remanded, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*