Wiliam H. Spencer et al., Appellants, v. William C. Means, County Treasurer, et al., Appellees.

Gen. No. 7,564.

1. FORMER ADJUDICATION—*conclusiveness of decree in partition determining rights of unknown heirs.* A decree of the circuit court in partition, ordering sale of the premises and division of the proceeds among the heirs of the deceased owner and directing that the shares found to be due to certain unknown heirs be paid to the county treasurer for such heirs, did not exhaust the equitable jurisdiction of that court to deal with the funds so deposited; and that court has jurisdiction of an original proceeding, under its jurisdiction of trust funds, to determine that persons other than the unknown heirs designated in the partition decree are entitled to receive the funds in question, on evidence showing that there are no persons in existence described as such unknown heirs, and to order payment to the rightful owners.

2. DEATH AND SURVIVAL—*proof of death by hearsay in proceeding to determine heirship.* In a proceeding in equity for the distribution of funds deposited with the county treasurer pursuant to a decree in partition for the unknown heirs of the deceased owner of the lands sold on partition, proof of general reputation in the family and statements of deceased members of the family, although hearsay, are admissible to establish the death of the persons described in the partition decree as unknown heirs and as to the rights of complainants as their heirs or the heirs of the deceased owner.

3. DEATH AND SURVIVAL—*sufficiency of evidence to raise presumption.* A master's finding that certain persons described in a decree of partition as entitled to share in the proceeds of the partition sale and also the ancestors of certain unknown heirs were dead is sustained by evidence of general reputation thereof in the family, together with evidence that an extensive search extending over more than seven years was conducted in their former places of abode by the writing of letters to all members of the families and their intimate friends and the publication of newspaper advertisements, and that no information whatever could be obtained as to their existence, and it appearing that, if living, they would be of great age.

4. COURTS—*jurisdiction to declare presumptive death concurrent in circuit and county courts.* The common-law jurisdiction of the circuit court to declare the death, upon the presumption of law, of

persons described as unknown heirs, for whom money was deposited with the county treasurer, was not destroyed by the enactment of Cahill's Ill. St. ch. 3, ¶ 21, conferring like jurisdiction upon the county court, concurrent jurisdiction, only, having been conferred upon the latter court.

5. ESTATES OF DECEDENTS—*bond for repayment as condition of distribution based on presumptive death.* The rights of an absentee whose death is presumed from many years' absence unheard of are properly protected upon distribution of a fund deposited for him with county treasurer, by requiring the distributees to enter into a sufficient bond to guarantee the repayment to him of the funds distributed in case he should ever appear and claim the fund.

Appeal by plaintiffs from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding. Heard in this court at the April term, 1923. Reversed with directions. Opinion filed July 10, 1923. *Certiorari* denied by Supreme Court (making opinion final).

STONE & DICK, for appellants.

LESTER H. MARTIN, State's Attorney, JOSEPH W. DE PEW, Assistant State's Attorney, and HARRY E. RIDDLE, Guardian Ad Litem, for appellees.

MR. PRESIDING JUSTICE HEARD delivered the opinion of the court.

Appellants filed their bill in chancery in the circuit court of McLean county, alleging that Israel Spencer, late of Perry County, Ohio, was at the time of his death the owner in fee simple of about 234 acres of land in the State of Illinois; that on August 21, 1912, Jeremiah W. Spencer filed a bill to partition said lands in the circuit court of McLean county; that afterwards said Jeremiah W. Spencer filed amendments to his bill in an attempt to fix the heirship of Israel Spencer, deceased; that the court therein found that Israel Spencer (a bachelor) departed this life intestate, leaving as his only heirs the complainant in said bill, Jeremiah W. Spencer and the defendants to said bill, William H. Spencer, the unknown heirs of Eliza Mickey, deceased, James B. Spencer, Nancy Spencer, Elizabeth Curry, John W. Spencer, Israel Spencer,

Angeline Spencer, Alice Spencer, Elizabeth Spencer-White, Benjamin F. Spencer, Eli Spencer, W. C. Spencer, Myrtle Spencer, Ethel Von Alstine, Helen Mallison, Rachael Walls, Blanche Gordon, Gertrude Macklin, Alva Cooperrider, Harvey Cooperrider, Julia Johnson, Mabel Shull, Verna Ice, Charles Cooperrider, Laura Cooperrider, Della Leckrone, William A. Orr, Clement C. Orr, George P. Orr, Levian Lattimer, Edwin O. Davis, Murray Cummings, Harvey Orr, Mayme Orr, Pearl Swartz, Myrtle Orr, Jesse Orr, Carl Orr, Harry Orr, Ray Orr, Lula Coffman, Oral Coffman, the unknown heirs of Disraella Cross, deceased, the unknown heirs of Margaret Shoup, deceased, Benjamin F. Spencer (a son of James Spencer, deceased) and another son and a daughter of the said James Spencer, deceased, whose names are unknown; that on January 3, 1914, the court entered a decree accordingly and directed a partition of said lands; that on January 17, 1914, the commissioners appointed to make partition of said lands reported that they were not susceptible of division; that on January 17, 1914, a decree of sale was entered by the court and that thereunder said lands were sold and the proceeds divided among the heirs; that the shares of the unknown heirs of Disraella Cross, deceased, amounting to $3,093.63; of the unknown heirs of Margaret Shoup, deceased, amounting to $3,093.63; of Israel Spencer, supposed to be the son of Cyrus Spencer, deceased, amounting to $1,087.46; of Angeline Spencer, supposed to be the daughter of Cyrus Spencer, deceased, amounting to $1,087.46; of Alice Spencer, supposed to be the daughter of Cyrus Spencer, deceased, amounting to $1,087.46; of Benjamin F. Spencer, supposed to be the son of James Spencer, deceased, amounting to $1,031.45; of the unknown son of James Spencer, deceased, amounting to $1,031.45; of the unknown daughter of James Spencer, deceased, amounting to $1,031.41, were paid to the county treasurer of McLean County, Illinois, in making said distribution.

Said bill also alleges that at the time of filing said payments and at the time of entering said decree in said cause, the said defendant therein, the unknown heirs of Disraella Cross, deceased, the unknown heirs of Margaret Shoup, deceased, Israel Spencer, Angeline Spencer, Alice Spencer, Benjamin F. Spencer, the unknown son of James Spencer and the unknown daughter of James Spencer could not be found and the places of residence of said persons last-above named and each of them upon diligent inquiry could not be found; that ever since the date of said decree and for more than seven years last past, diligent search and inquiry have been made to discover their whereabouts; that they cannot be found and no person can be found who has ever known them or any person answering their description; that if such persons ever lived they have long since been dead, leaving no issue, and that said decree in so far as it found there were such persons entitled to share in the distribution of said funds was erroneous and that said funds so deposited with the treasurer of McLean County, Illinois, should be distributed to the appellants herein as the heirs at law of Israel Spencer, deceased.

William C. Means, county treasurer, answered the bill and alleged that the complainants were not entitled to said funds or any part thereof; that the complainants were seeking to review and modify the original decree and that the bill herein pointed out no mistake or error in the former decree; that they were attempting to file a bill in the nature of a bill of review and more than two years having passed, the remedy was barred by the statute of limitations; that this proceeding was out of place and could not confer jurisdiction on the court because the statute provides that the proceedings to obtain said moneys must be had in the original cause; that the probate courts have exclusive jurisdiction to establish the death of the party for whose benefit the moneys were deposited.

The cause was referred to the master in chancery to take proofs and report the proofs with his findings thereon. The master in chancery, after hearing evidence and considering objections filed by appellee, filed his report recommending that a decree be entered in accordance with the prayer of the bill and specifically finding from the evidence that the three shares deposited for Benjamin F. Spencer, son of James Spencer, the unknown son of James Spencer and the unknown daughter of James Spencer, aggregating $3,094.35, are in fact the property and funds of the children of Benjamin F. Spencer, deceased; that Benjamin F. Spencer was as a matter of fact the only child of James Spencer, deceased, that there was no other son or daughter, and that the distributive share that would have gone to the descendants of James Spencer, brother of Israel Spencer, in the original cause should have been paid to the four children of Benjamin F. Spencer, deceased; that Benjamin F. Spencer, Sr. (son of James Spencer), died at Anaheim, California, many years ago, leaving as his only children and only heirs at law his son, Benjamin F. Spencer, Jr., who now lives at Anaheim, California; Jennie Spencer Bald, whose residence is Van Neys, California; and Maude Spencer Crane, daughter, who lives at Van Neys, California; and that the said sum of $3,094.35 should be equally distributed among the aforementioned children of Benjamin F. Spencer, Sr., son of James Spencer, deceased. The evidence in the record fully substantiates the facts above stated, upon which this finding is based.

The master in chancery also found that Drusilla Cross, sometimes called Disraella Cross, and Margaret Shoup, sisters of Israel Spencer, deceased, died many years ago, and that at the time of their death they were both of them of advanced years, were widows and childless, and that they left no last will and testament and that the shares so deposited to the heirs

of Drusilla Cross and to the heirs of Margaret Shoup should be equally divided among all the persons who now answer the description of heirs at law of Israel Spencer, deceased, and that the fund should be divided in the proportions set forth in the report.

The evidence shows that, according to the family Bible, Disraella Cross was born in 1803 and Margaret Shoup in 1818 and, according to the testimony, between 1865 and 1870 they were both widows and childless and were at the time of the hearing reputed in the family to be long since dead. The master was fully warranted in finding that these two persons died without children or descendants of children.

The master further found that Israel Spencer, Angeline Spencer and Alice Spencer have not been heard from by persons who naturally would hear from them for more than twenty years prior to the filing of the bill of complaint herein, that extensive investigation has been made covering a period of more than seven years among all of the relatives and friends of such parties, and no trace can be found of them or their descendants, if any, and no person can be found who has made any claim as heir or devisee of any of said parties or either of them, and from the evidence finds that the said Israel Spencer, Angeline Spencer and Alice Spencer are each of them dead and have been for many years, and that they died intestate and without children or surviving spouses, and that the shares deposited in the county treasury to their credit should now be distributed among the persons who answer the description of heirs at law of Israel Spencer, deceased, as found in the report.

Exceptions were filed to the report of the master in chancery which were sustained by the court and a decree entered dismissing the bill, from which decree this appeal has been prayed.

It is contended by appellees that the court was without jurisdiction to grant the relief prayed for in the

cause and that the final decree rendered in the original cause exhausted the jurisdiction of the circuit court as relates to partitioning the land and fixing heirship, and that the original decree having established the existence of unknown heirs and funds having been deposited for them, distribution could only be made to the legal representatives of the person or persons for whom the fund was deposited. In other words, that when money is deposited with the county treasurer of a county for the unknown heirs of a person the money can only be paid out to the legal representatives of such unknown heirs, even though the identity of such unknown heirs be ascertained with absolute certainty. This cannot be the law. Living persons have no legal representatives. When the identity of the unknown heirs becomes ascertained, they and not the legal representatives of any person are the parties who are entitled to the fund.

It is contended that the parties to whom the fund belongs are fixed by the decree in the partition suit. When the fund was paid into the county treasurer by virtue of the statute it became a trust fund. Paragraph 5, ch. 141, Cahill's Ill. St. One of the primary functions of a court of equity is the administration of trusts.

In *Curtiss v. Brown*, 29 Ill. 201, it was said (p. 230). ''Exigencies often arise not contemplated by the party creating the trust, and which, had they been anticipated, would undoubtedly have been provided for, where the aid of a court of chancery must be invoked to grant relief imperatively required; and in such cases the court must, as far as may be, occupy the place of the party creating the trust and do with the fund what he would have dictated had he anticipated the emergency. * * * Trust estates are peculiarly under the charge of and within the jurisdiction of the court of chancery. * * * From very necessity a power must exist somewhere in the community to grant re-

lief in cases of absolute necessity, and under our system of jurisprudence that power is vested in the court of chancery. This power is liable to be abused or imprudently exercised, no doubt, and so may every power vested in the courts or other branches of the government. The liability to the abuse or misuse of power can never prove its nonexistence, else all powers of government would be at once annihilated.''

The circuit court had jurisdiction in the premises. It was not the intention of the court, in entering the decree in the partition suit, that the money should be withheld from its rightful owner and the circuit court, if the facts stated in the bill are true, had full power to grant the relief sought. Equity will assume jurisdiction when adequate remedy relief cannot be had at law. By adequate relief is meant full and complete relief, practical and efficient to the ends of justice and its prompt administration. Trainor's Equity 15.

It is claimed by appellees that there is no legal proof that Israel Spencer, Angeline Spencer, Alice Spencer, Disraella Cross and Margaret Shoup are dead and that the persons named are their heirs for the reason that the evidence from which death is inferred is largely hearsay. In the very nature of things evidence of pedigree must frequently be hearsay. The rule is that the facts involved in a question of pedigree may be established by proof of general reputation in the family or by proof of what deceased members of the family may have said. *Harland v. Eastman,* 107 Ill. 535; *Champion v. McCarthy,* 228 Ill. 87; *Dempsey v. Burns,* 281 Ill. 644; 22 C. J. 239.

The evidence shows that appellants had letters written to every one who was supposed to be interested in the estate, in an endeavor to ascertain who were the heirs of Israel Spencer. Forty-five letters were introduced in evidence written to members of the family which contained the following: ''Do you know anything about the heirs of Disraella Cross, who formerly

lived at Glenford, Ohio; or the heirs of Margaret Shoup, who formerly lived at Glenford, Ohio. Kindly give me any information you may have about the whereabouts of any heir of said Israel Spencer." Advertisements were inserted in newspapers at their former places of abode and most diligent search extending over a period of over seven years was made and the finding of the master in that respect was fully warranted by the evidence.

It is contended by appellees that the circuit court having exhausted its jurisdiction as to partitioning the land and fixing heirship, it is without jurisdiction to now declare the death, upon the presumption of law, of the persons for whom the money was deposited, and that by the enactment of Paragraph 21, ch. 3, Cahill's Ill. St., the county court has sole jurisdiction in the premises. The enactment of a new statute simply conferring jurisdiction on another court cannot operate to take away from a court of equity any of its common-law powers, but only gives to the court named in the statute concurrent jurisdiction. When a common-law remedy exists, a statute providing a new remedy provides a cumulative and not an exclusive remedy.

In *Eddy v. Eddy*, 302 Ill. 446, it was said (p. 452): "The continuous absence of a person from his home or place of residence for a period of seven years, during which nothing is heard from or concerning him, raises a presumption of his death for all legal purposes."

In *Cooper v. Martin*, 308 Ill. 224, it was said, in speaking of the presumption (p. 229): "That presumption is effective for all legal purposes. (*Whiting v. Nicholl*, 46 Ill. 230; *Reedy v. Millizen*, 155 Ill. 636; *Donovan v. Major*, 253 Ill. 179; 8 R. C. L. 708; 17 C. J. 1166.) The presumption creates a different mode from direct proof of the fact of death, upon which a court may lawfully act, and the courts of this State

having jurisdiction of property within the State may act upon the presumption with reasonable regulations and safeguards for the protection of the property rights of the absentee if it should turn out that he was alive.''

The master in his report recommended that as the shares deposited for Israel Spencer, Angeline Spencer and Alice Spencer were under his report to be distributed under the doctrine that more than seven years' absence raises the presumption of death, that as to those shares the beneficiaries should enter into a sufficient bond to guarantee the repayment of that money in event such person should ever appear and claim the fund. We are of the opinion that the findings of the master were right. The decree is reversed with directions to enter a decree directing the distribution of the fund in accordance with the findings of the master.

*Reversed with directions.*