Lillian Kucera, Appellee, v. Otto Novak and Emilie Franks, Appellants.

Gen. No. 37,037.

Opinion filed October 24, 1934.  Rehearing denied November 15, 1934.

CARL STROVER, for appellants.

SIDNEY SCHNEIDER, for appellee.

MR. JUSTICE HALL delivered the opinion of the court.

The complainant filed a bill against the defendants in the circuit court of Cook county for the partition of Lot 71 in E. A. Cummings Addition to Warren Park, in the South-east quarter of Section 20, Township 39 North, Range, 13, East of the 3rd Principal Meridian in Cook county.  This is an appeal from a decree confirming a master's report and ordering partition of the property or in the alternative its sale and the distribution of the proceeds.

It is alleged by the bill in substance that complainant and defendants are brother and sisters; that their

mother devised the property to them, and that they are each seized of the real estate in equal one-third parts as tenants in common; that since the death of their mother, complainant and defendants have occupied the real estate jointly, said Otto Novak and Emilie Franks occupying the first floor and complainant occupying the second floor in the two-flat building situated on the real estate; that since February, 1929, the real estate has been incumbered by a trust deed given to secure the payment of $5,000, bearing interest at the rate of 6 per cent per annum. It is further alleged that since the death of the mother of the parties, the complainant has managed the real estate, has paid $500 on the principal indebtedness secured by the trust deed, and interest in the sum of $150; also a special assessment amounting to $7.24, and the sum of $150 on account of the 1930 real estate taxes levied against such property; that there has been no contribution to her by the other two cotenants upon said payments, and that there is due complainant the sum of $269.08 from each of the defendants as their proportionate share thereof, which should be paid out of the proceeds of the sale in the partition suit.

Defendants filed an answer to the bill; also a cross-bill which was subsequently amended, in which defendants charge in substance that the real estate in question has been owned by the parties in equal shares since September 1, 1930; that since October 1, 1930, the property has been occupied and is now being occupied to the extent of substantially one-half thereof by complainant and that the balance is occupied by defendants; that complainant should be charged with one-half of the rental value of the property and be credited with one-third of the rental value from October 1, 1930, until the termination of the lawsuit, that is, until the approval by the court of any partition sale of the real estate in suit, and that the balance found to be due should be credited to the defendants and

cross complainants in equal shares, and should be set off against any sum or sums which might be found due from cross complainants to the complainant. The matter was referred to a master in chancery on the bill, answer and cross-bill to take proof. The master's report and the evidence indicate that there is little question of fact involved in the case. It is undisputed that the parties own the property as tenants in common and that each owns a one-third interest therein; that for the period in question complainant occupied the second story of the two-flat building located on the premises, and that the defendants occupied the lower flat; that the defendants were unable to contribute anything towards the maintenance of the property, or the payment of sums falling due on the indebtedness against the property; that by an agreement between complainant and defendants, the complainant paid the amounts alleged to have been paid out, that is to say, $500 on account of the mortgage indebtedness, $150 paid on account of taxes, and $7.24 on account of a special assessment, making a total of $657.24, and that each defendant had delivered a note to complainant for one-third of that amount, or $219.08. The decree finds that complainant is entitled to reimbursement from the defendants, by reason of the advances made by her, in the sum of $219.08 each, the amount of each of the notes, and that the overplus, if any, should be distributed in proportion to the respective interests of the parties.

During the period in question, there has been no income derived from the property involved, and the record shows that since October 1, 1930, the complainant and defendants have been in possession thereof, as stated, by mutual consent and agreement; that there has been no demand by either that the other pay rent, and no agreement between them that any rent should be paid by either. Each cotenant was lawfully in possession. In the settlement made between the parties,

each defendant recognized the obligation of each to complainant by giving a note, and it is not in evidence that either of them claimed anything from complainant until the filing of the bill.

Cahill's Illinois Revised Statutes, 1933, chapter 2, ¶ 1, provides "That where one or more joint tenants, tenants in common or coparceners in real estate, or any interest therein, shall take and use the profits or benefits thereof, in greater proportion than his, her or their interest, such person or persons, his, her or their executors and administrators, shall account therefor to his or their co-tenant, jointly or severally." Par. 2 provides that "The action of account may be sustained: First—By one joint tenant, tenant in common or coparcener, his or her executor or administrator, against the other or others, who receive, as bailiffs, more than his or their due proportion of the profits or benefits of such estate."

Defendants cite the case of *Clarke v. Clarke*, 349 Ill. 642, as authority for the proposition that the statute provides "for an accounting not merely in case a co-tenant takes and uses the entire profits and benefits of the real estate in question, but whenever a co-tenant takes and uses the profits of it in excess of his share." In that case, one of the parties claimed title to the premises involved under the Limitations Act by reason of a claimed adverse possession of the property for a period of 20 years, and the court said in reply to this contention: "Mere possession of one tenant in common who receives the rents and profits and pays the taxes assessed against the property, no matter for how long a period, cannot be set up as a bar against the co-tenants. *In such case the possession of one tenant in common is in contemplation of possession of all the tenants in common.*" In the instant case, the co-tenants were all in actual possession of the premises, apparently, by mutual agreement. When the defendants made a settlement with the complainant for their

share of moneys paid out by her in maintaining the property, they gave her their notes and recognized their debt to her. The record does not indicate that at this or at any time prior to the filing of their answer and cross-bill did defendants, by demand or otherwise, ever claim that complainant was indebted to them.

In *Cooper v. Martin,* 308 Ill. 224, in the bill for the partition of the property involved, complainant prayed that one of the defendants be required to account for rents collected, and by the answer this defendant, in the language of the court, "declared her willingness to account for the same. The decree required such accounting, . . . and the chancellor required her to account to the other owners for the reasonable rental value. She has assigned a cross error on that portion of the decree. She testified that the complainant, after the death of their mother, told her that she could live in the house without paying any rent." The court held that this defendant "was not liable as a co-tenant, to account for the rental value of the home, or any part of it, until a demand should be made by a co-tenant or co-tenants, or there should be an ouster or refusal to permit joint occupation. (*Boley v. Barutio,* 120 Ill. 192; *Angelo v. Angelo,* 146 id. 629; *Cheney v. Ricks,* 187 id. 171.)"

In *Clarke v. Clarke, supra,* the Supreme Court seems to distinguish *Cooper v. Martin, supra,* and says:

"The appellant contends that the chancellor erred in entering a provisional decree for an accounting because no demand for rent has ever been made. In support of this contention *Cooper v. Martin,* 308 Ill. 224, is cited. It is there said that the co-tenant is not liable to account for the rental value of premises, or any part of it, until a demand is made by a co-tenant or co-tenants or there has been an ouster or refusal to permit joint occupation. At common law such was the rule, but it has not been the rule in this State since

1845, or perhaps an earlier date. Section 1 of chapter 2 of the Revised Statutes, entitled 'An act in regard to the action of account,' provides that 'where one or more joint tenants, tenants in common or coparceners in real estate, or any interest therein, shall take and use the profits or benefits thereof, in greater proportion than his, her or their interest, such person or persons, his, her or their executors and administrators, shall account therefor to his or their co-tenant, jointly or severally.' It was held in *Crow v. Mark*, 52 Ill. 332, that an action of account was not an exclusive remedy but a bill in chancery may be maintained to compel a co-tenant to account for profits and benefits which a co-tenant has taken and used in greater proportion than his share. The statute of Illinois is similar to the statute of 4 and 5, Anne, (chap. 16), which provided that actions of account may be brought by a tenant in common against another, as bailiff, for receiving more than comes to his share or proportion. The history of the enactments upon this subject is reviewed in *Woolley v. Schrader*, 116 Ill. 29, where it is said that our own act is broader than the statute of Anne, and by express terms a tenant may be required to account to his co-tenant for benefits as well as profits which he has taken or used in excess of his share. The cases of *McParland v. Larkin*, 155 Ill. 84, and *Dinsmoor v. Rowse*, 211 id. 317, approved the holding in *Woolley v. Schrader, supra.* It does not appear that our statute or the prior holdings of this court were brought to the attention of the court in *Cooper v. Martin, supra.* The right of a co-tenant to compel an accounting from another co-tenant who has received more than his share is definitely settled, and the chancellor committed no error by decreeing an accounting in this case, provided partition of the premises is not made and a sale is ordered.''

In the instant case, each of the parties was in lawful possession. Each acquiesced in and to the holding by

the others. When the settlement was made between complainant and defendants, the rights of the parties with reference to the occupancy of the property and their mutual obligations with reference thereto were recognized, acquiesced in and determined, and because of all these facts, we believe that this case is distinguished from *Clarke v. Clarke, supra,* and we are, therefore, of the opinion that the court was not in error in entering this decree and in holding that complainant is not liable to the others under the statute for the occupancy of the premises. The decree is, therefore, affirmed.

*Affirmed.*

HEBEL, P. J., and WILSON, J., concur.